MURRAY v FERRIS

1. NEGLIGENCE—AUTOMOBILES—INSURANCE—SERIOUS INJURY—NONE-
CONOMIC LOSSES—INSURANCE REIMBURSEMENT—CONSTITUTIONAL
LAW—EQUAL PROTECTION—DUE PROCESS.

A plaintiff suffering death, serious impairment of bodily functions
or permanent serious disfigurement in an automobile collision
is restricted by statute in his recovery from the tortfeasor only
to his noneconomic losses; it is a violation of the equal protec-
tion of the laws and due process clauses of the constitution for
a statute to then require the injured party to reimburse his
insurance carrier from this noneconomic recovery for monies
paid by the carrier to cover economic losses (Const 1963, art 1,
§§ 2, 17, MCLA 500.3116, 500.3135; MSA 24.13116, 24.13135).

2. STATUTES—CONSTRUCTION—COURTS—PLAIN MEANING.

Courts may not expand or restrict the plain meaning of a statute;
where the language is clear and unambiguous, the courts may
only obey and enforce a statute.

Appeal from Kent, Stuart J. Hoffius, J. Submit-
ted January 6, 1977, at Grand Rapids. (Docket No.
27344.) Decided March 2, 1977.

Complaint by George F. Murray, III, against
David M. Ferris, Joseph Hendricksen, and Peter J.
Omiljan, jointly and severally, for damages arising
from an automobile-motorcycle collision. Citizens
Mutual Insurance Company was joined as a party
defendant to determine its right to reimbursement
for no-fault benefits paid to plaintiff. Settlement
was reached between plaintiff and the original
defendants and judgment denying Citizens Mutu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 1820 *et seq.*
[2] 20 Am Jur 2d, Courts § 214.

al's claim for reimbursement from plaintiff was entered. Citizens Mutual appeals. Affirmed.

*Robert W. Dilley,* for plaintiff.

*Geoffrey L. Gillis,* for defendant Ferris.

*David E. Hathaway,* for defendant Hendricksen.

*Calvin R. Danhof,* for defendant Omiljan.

*Hillman, Baxter & Hammond,* for Citizens Mutual.

Before: BEASLEY, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. BURNS, J. Plaintiff instituted suit to recover damages for injuries sustained in a multi-vehicle accident. The trial judge struck from plaintiff's pleadings all claims for damages for "economic losses" which he incurred as a result of the accident, on the ground that MCLA 500.3135; MSA 24.13135 prevented such recovery. These losses amounted to $40,000 which included medical expenses, lost wages and lost services.

Citizens Mutual Insurance Company was joined as a party defendant for the purpose of permitting it (the insurer) to be reimbursed for no-fault benefits paid to plaintiff, from any recovery that the plaintiff might obtain from the tortfeasors pursuant to MCLA 500.3116; MSA 24.13116.

The trial judge held that the reimbursement section of the statute was unconstitutional, and stated: "I am of the opinion that it would be unfair to plaintiffs in this case, * * * Mr. Murray, to have deducted from the noneconomic loss any payments that they have received for the economic loss, being the special damages there involved, and

would be a denial of the equal protection and denial of due process in that particular respect." Defendant insurer appeals and we affirm.

The facts are uncontroverted. Plaintiff was a passenger on a motorcycle and was severely injured when the motorcycle collided with the rear end of defendant Hendrickson's automobile that had slowed down to avoid striking a third car abandoned on the right lane of the highway by defendant Ferris. Plaintiff was thrown from the motorcycle and suffered numerous injuries, including fractures of vertebrae, left wrist, pelvis and right ankle.

Plaintiff had insurance issued by the defendant insurer on his own automobile that contained the coverage prescribed by the act. He recovered from defendant insurer for the "economic losses" he incurred as a result of the accident, amounting to $40,000. Plaintiff settled with the defendant tortfeasors in the amount of $54,500 and defendant insurer seeks reimbursement under the statute.

MCLA 500.3135; MSA 24.13135 reads as follows:

"(1) A person remains subject to tort liability for *noneconomic* loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement.

"(2) * * *

"(c) damages for allowable expenses, work loss and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly and 3 year limitations contained in those sections." (Emphasis added.)

In our opinion the trial judge was correct in striking from the plaintiff's pleadings all claims for economic losses. Under the statute the only remaining liability for a tort action is for noneco-

nomic loss, and economic loss not covered by no-fault benefits.

MCLA 500.3116; MSA 24.13116 reads as follows:

"(1) A subtraction from personal protection insurance benefits shall not be made because of the value of a claim in tort based on the same accidental bodily injury. However, after recovery is realized upon a tort claim, a subtraction shall be made to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery. If personal protection insurance benefits have already been received, *the claimant shall repay to the insurers out of the recovery a sum equal to the benefits received* * * * ." (Emphasis supplied.)

It is not our function to expand or restrict the plain meaning of a statute. Where the language is clear and unambiguous, it is for the courts to obey and enforce it. *Shaw v Lakeway Chemicals, Inc,* 3 Mich App 257; 142 NW2d 15 (1966).

The statute is clear. Whenever an insured elects to sue the tortfeasor and effects a recovery, he must repay his insurer for the benefits he has received from the insurer.

Plaintiff claims that the act unconstitutionally discriminates against a seriously injured traffic victim, in that he must reimburse the insurer for funds previously tendered for his economic losses from a lawsuit which limits his recovery to noneconomic losses.

Defendant cites *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), for the proposition that losses paid to a plaintiff for pain and suffering by a tortfeasor may be used to repay a third party, the employer, for economic losses.

*Pelkey* was a workmen's compensation case. The

appropriate section of the Workmen's Compensation Act, MCLA 418.827(5); MSA 17.237(827)(5), permits a workmen's compensation carrier to recover benefits paid to an employee from moneys received by the employee from subsequent suit or settlement against a third-party tortfeasor. Under the Workmen's Compensation Act, however, the employee is allowed to sue the third-party tortfeasor for both economic and noneconomic losses.

We have already determined that the plain language of the no-fault act provides that the injured party is restricted in his recovery only for noneconomic losses from the tortfeasor. The injured party must then repay the insurance carrier for the economic losses advanced, from his noneconomic recovery.

The function of recovery in tort is to make the victim whole. Because of court congestion and delays in settlements and trials, many tort victims suffer undue hardships. In adopting the no-fault personal injury protection provision, the Legislature sought to afford the insured with the security of a prompt and certain recovery of a fixed amount over a fixed time for his out-of-pocket expenses, *i.e.,* medical expenses, lost wages and lost services.

Victims of minor accidents have their medical bills and property damage paid promptly. They are paid for their lost wages. They are made "whole".

But where the accident is more serious, with the victim having suffered death, serious impairment of bodily function or permanent serious disfigurement, the benefits are inadequate, prompting the injured party to file suit. Before he can have any effective recovery, however, he must repay his insurer for benefits previously paid, benefits for which he *cannot* sue or recover.

The act creates two classes of accident victims.

One class consists of those persons who have relatively minor accidents for which their insurance benefits satisfactorily compensate. They are not required to indemnify their insurance company. The other class includes those persons who suffer more serious injury or whose economic loss exceeds the statutory maximum. These persons are limited in their right to sue for damages not included under the no-fault act. They then become obligated to indemnify their insurer to the extent of benefits previously paid.

In our opinion the requirement of indemnification by those victims suffering serious injuries constitutes an arbitrary discrimination in violation of equal protection of the laws and due process of law. Const 1963, art 1, § 2, Const 1963, art 1, § 17.

Affirmed. Costs to plaintiff.