WROBEL v WAYNE COUNTY ROAD COMMISSION

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—EMPLOYERS—SUBROGATION—THIRD-PARTY TORTFEASORS—NONECONOMIC LOSS.

An employer has a right of subrogation to its employee's third-party tort recovery for noneconomic loss under the no-fault automobile insurance act against the driver of a car which struck and injured the employee while working as a member of the employer's road sign maintenance crew where the employer has paid workmen's compensation benefits to the employee as a result of the accident.

CONCURRENCE BY T. M. BURNS, P. J.

2. WORKMEN'S COMPENSATION—COMPENSATION CARRIERS—EMPLOYER'S SUBROGATION—THIRD-PARTY TORTFEASORS—NONECONOMIC LOSS —PERSONAL INJURY PROTECTION BENEFITS.

*An employer or workmen's compensation insurance carrier should not be allowed to seek reimbursement out of a recovery by an employee against a third-party tortfeasor where the employer or carrier did not pay the employee compensation for the injury which the recovery represents; workmen's compensation insurance carriers do not pay benefits for a noneconomic loss, therefore, they may seek reimbursement out of a recovery by an employee of personal injury protection benefits but not out of a recovery for residual or noneconomic loss.*

Appeal from Macomb, Hunter D. Stair, J. Submitted October 17, 1977, at Detroit. (Docket No. 77-337.) Decided November 9, 1977. Leave to appeal applied for.

Complaint by Ronald Wrobel against the Wayne County Road Commission for a declaratory judgment that defendant commission has no right to

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 429 *et seq.*

any of the proceeds in plaintiff's recovery in a negligence suit for injuries received while the plaintiff worked for the commission. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Rock, Roberge, Hennings & Jarson,* for plaintiff.

*John P. Cushman* and *Donald Brown,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

R. B. BURNS, P. J. Plaintiff appeals a declaratory judgment entered in favor of defendant. The trial judge held that defendant had the right to be subrogated to plaintiff's third-party tort claim. We affirm.

Plaintiff, an employee of defendant, was working as a pedestrian member of a sign maintenance crew installing road signs. He was struck by an automobile driven by Gail M. O'Grady and sustained serious injuries.

Defendant paid plaintiff workmen's compensation benefits of approximately $20,000.

Plaintiff instituted a third-party negligence action against Ms. O'Grady for noneconomic loss under the no-fault automobile insurance act, MCLA 500.3135(1); MSA 24.13135(1). The suit was settled for $25,000 and defendant now claims its right of subrogation.

The major thrust of plaintiff's argument is that under "no fault" he may only recover for his noneconomic loss, while his compensation carrier in effect is subrogated for its payment for plaintiff's economic losses.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Such a result does not seem equitable. However, in *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), the Supreme Court allowed the defendant to be subrogated for plaintiff's pain and suffering, a noneconomic loss. We are bound by the *Pelkey* decision.

Affirmed. Costs to defendant.

W. R. BROWN, J., concurred.

T. M. BURNS, P. J. *(concurring).* I agree that we are bound by the Supreme Court's interpretation of MCLA 418.827; MSA 17.237(827) in *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), and that that interpretation compels the result reached by the trial court here.

However, were we writing on a clean slate, I would construe the statute as Justice WILLIAMS did in *Pelkey,* and tie the right to reimbursement to liability under the Worker's Disability Compensation Act, MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.* An employer or a compensation carrier should not be allowed to seek reimbursement out of a recovery by the employee against a third-party tortfeasor where the employer or carrier did not pay compensation for the injury which the recovery represents. Compensation carriers do not pay benefits for noneconomic loss.

The task of segregating the third-party recovery into economic and noneconomic loss is eased considerably by the no-fault automobile insurance act, 1972 PA 294; MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.* That act itself divides the payment of benefits into economic and noneconomic loss. MCLA 500.3107, 500.3135; MSA 24.13107, 24.13135. The compensation carrier could seek reimbursement out of the employee's recovery of personal injury protection benefits but not out of a recovery for residual or noneconomic loss.