RELIANCE INSURANCE COMPANY v MESSINA TRUCKING, INC.

Docket No. 77-1273. Submitted March 21, 1978, at Detroit.—Decided May 9, 1978.

Reliance Insurance Company brought an action in Macomb Circuit Court seeking to recover workmen's compensation benefits paid to Lawrence McCoy from any damages awarded to McCoy in his personal injury suit against defendants Jerry Drake and Messina Trucking. Defendants moved for summary judgment contending they were not liable for any wage loss or medical damages under Michigan's no-fault automobile insurance law. Motion denied, Howard R. Carroll, J. The court held plaintiff had a right to recover benefits paid to McCoy. Defendants appeal by leave granted. *Held:*

A statute which restricts recovery from a third-party tortfeasor by a seriously injured plaintiff only to his noneconomic losses and then requires him to reimburse his insurance carrier from this noneconomic recovery for monies paid by the carrier to cover economic losses violates the equal protection clause of the constitution.

Reversed.

T. M. BURNS, J., concurred separately.

OPINION OF THE COURT

1. AUTOMOBILES—NEGLIGENCE—INSURANCE—NO-FAULT INSURANCE— THIRD-PARTY TORTFEASOR—DAMAGES—STATUTES.

Tort recovery against a third-party tortfeasor in a traffic accident is limited by provisions of the no-fault law to: (1) intentionally caused harm, (2) damages for noneconomic losses where the

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 14, 15, 25 *et seq.*

[2, 3] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 9, 11, 12, 13.

Right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[3] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 9, 11–15, 22.

injured party has suffered death, serious impairment of body
function or permanent serious disfigurement, and (3) damages
for economic losses (wage losses, medical bills, etc.) in excess of
the limitations on coverage provided in the injured party's own
insurance (MCL 500.3135; MSA 24.13135).

2. Automobiles—Negligence—Insurance—Serious Injury—None-
   conomic Losses—Insurance Reimbursement—Constitutional
   Law—Equal Protection.
   A plaintiff suffering death, serious impairment of bodily functions
   or permanent serious disfigurement in an automobile collision
   is restricted by the no-fault statute in his recovery from the
   tortfeasor only to his noneconomic losses; it is a violation of the
   equal protection clause of the constitution for the statute to
   then require the injured party to reimburse his insurance
   carrier from this noneconomic recovery for monies paid by the
   carrier to cover economic losses (Const 1963, art 1, §§ 2, 17,
   MCL 500.3135; MSA 24.13135).

                    Concurrence by T. M. Burns, J.

3. Automobiles—Negligence—Insurance—Third-Party Tortfea-
   sors—Serious Injuries—Indemnification—Constitutional
   Law—Equal Protection.
   A statute which requires indemnification to a workmen's compen-
   sation insurance carrier by victims of third-party tortfeasors
   who suffer serious injuries is in violation of the equal protec-
   tion clause of the constitution (Const 1963, art 1, § 2).

*Jacobs, Lichtenstein & Miller,* for plaintiff.

*Glime, Daoust & Wilds,* for defendants.

Before: D. C. Riley, P. J., and T. M. Burns and
Cynar, JJ.

D. C. Riley, P. J. This appeal concerns an action
by a workmen's compensation carrier for reim-
bursement of benefits it paid to an insured em-
ployee, injured in a traffic accident, from the third-
party tortfeasor.

Plaintiff Reliance Insurance Company is the
workmen's compensation carrier for Sterling Con-

struction Company, employer of Lawrence McCoy. McCoy was injured while working at a construction site when he was hit by a truck driven by defendant Jerry Drake and owned by defendant Messina Trucking. In this lawsuit Reliance, as subrogee of McCoy, seeks to recover the benefits it paid to McCoy against any damages awarded McCoy in a personal injury suit against defendants. Apparently McCoy has filed a lawsuit against defendants.

Defendants moved for summary judgment, arguing that they were not liable, under the limitation on tort recovery set forth in Michigan's no-fault automobile insurance law,[1] for any wage loss or medical damages suffered by McCoy. Therefore, defendants argued, Reliance as subrogee of McCoy's right to recover could not set off its payment of these economic damages against McCoy's anticipated damages from defendants.

The trial court denied the motion for summary judgment, holding that the workmen's compensation carrier had a right to recover benefits paid from a third-party tortfeasor. Defendants appeal, by leave granted, from this ruling.

There is no dispute that tort recovery against a third-party tortfeasor in a traffic accident is limited by provisions of the no-fault law to: (1) intentionally caused harm, (2) damages for noneconomic losses where the injured party has suffered death, serious impairment of body function or permanent serious disfigurement, and (3) damages for economic losses (wage losses, medical bills, etc.) in excess of the limitations on coverage provided in the injured party's own insurance. MCL 500.3135; MSA 24.13135.

The right of a workmen's compensation carrier

---

[1] MCL 500.3135; MSA 24.13135.

to recoup benefits paid from a third-party is set forth in MCL 418.827; MSA 17.237(827). In its pertinent part, this statute reads:

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. *Any recovery against the third party for damages resulting from personal injuries or death only,* after deducting expenses of recovery, *shall first reimburse the employer or carrier for any amounts paid or payable under this act* to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." (Emphasis added.) MCL 418.827(5); MSA 17.237(827)(5).

Under this provision, Reliance can seek recovery from defendants only to the extent that McCoy could sue in tort under the no-fault law.

Given the statutory limitations, the threshold question is whether Reliance can recover its benefits paid for McCoy's economic losses from an amount McCoy could receive in tort action for noneconomic damages and economic losses in excess of his insurance coverage. This question was reached by the Michigan Supreme Court in *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975).

In *Pelkey* the factual setting of the case was parallel to the case at bar, except that the suit arose prior to the enactment of the no-fault law. The lower court in *Pelkey* ordered that the injured employee reimburse the workmen's compensation carrier for benefits paid out of the amount the employee recovered in pain and suffering damages from the third-party tortfeasor. The employee

raised the same argument as is set forth in the instant case; namely, that the carrier should not be allowed to recoup its payments for economic damages from a recovery for noneconomic losses.

The *Pelkey* Court rejected that argument, holding that the clear legislative intent of the language "any recovery" in MCL 418.827; MSA 17.237(827), was to include damages recovered for pain and suffering in a personal injury suit.

The Court also held that the reimbursement scheme did not violate the employee's rights to due process of law or equal protection. The due process argument was answered by reference to the 1952 amendment to MCL 413.15; MSA 17.189, which eliminated the previous requirement that an injured employee elect to pursue either his or her tort remedy against the third-party tortfeasor or the statutory remedy against the compensation carrier. 1952 PA 155. The Court held that the "right to reimbursement is justified by the abrogation of the election of remedies requirement". 394 Mich at 493. The equal protection contention was decided by the Court holding that there was a rational basis for a distinction between employees who suffered compensable injuries and those who did not.

Were it not for the added feature of no-fault insurance in the case at bar, we would be unable, regardless of our individual opinions on the result reached, to distinguish *Pelkey, supra,* from the present situation. See *Wrobel v Wayne County Road Commission,* 79 Mich App 484; 261 NW2d 58 (1977). However, the introduction of no-fault, and its concurrent limitation on tort recovery, calls for us to re-examine the applicability of *Pelkey* to the facts of this case.

In *Murray v Ferris,* 74 Mich App 91; 253 NW2d

365 (1977), this Court was required to decide the constitutionality of MCL 500.3116; MSA 24.13116, which provided that economic benefits paid to an injured insured under the insured's no-fault policy could be recouped from any non-economic damages the insured recovered in a residual tort action against a third-party. The *Murray* Court held that the statute violated equal protection since it set up a classification of insureds who were required to repay their insurance benefits received solely on the basis of the severity of their injuries:

"The function of recovery in tort is to make the victim whole.

\* \* \*

"Victims of minor accidents have their medical bills and property damage paid promptly. They are paid for their lost wages. They are made 'whole'.

"But where the accident is more serious, with the victim having suffered death, serious impairment of bodily function or permanent serious disfigurement, the benefits are inadequate, prompting the injured party to file suit. Before he can have any effective recovery, however, he must repay his insurer for benefits previously paid, benefits for which he *cannot* sue or recover.

"The act creates two classes of accident victims. One class consists of those persons who have relatively minor accidents for which their insurance benefits satisfactorily compensate. They are not required to indemnify their insurance company. The other class includes those persons who suffer more serious injury or whose economic loss exceeds the statutory maximum. These persons are limited in their right to sue for damages not included under the no-fault act. They then become obligated to indemnify their insurer to the extent of benefits previously paid.

"In our opinion the requirement of indemnification by those victims suffering serious injuries constitutes an arbitrary discrimination in violation of equal protection

of the laws and due process of law. Const 1963, art 1, § 2, Const 1963, art 1, § 17." 74 Mich App at 95–96.

If we were to apply *Pelkey* to the case at bar, thereby requiring reimbursement to plaintiff for benefits paid out of McCoy's eventual residual tort recovery, would we not face the same equal protection problem as evidenced in *Murray, supra?* We agree with the *Murray* Court's reasoning that a requirement of indemnification by only "seriously" (*i.e.,* those who can sue in tort) injured employees to their workmen's compensation carriers violates equal protection.

The rationale of this decision is founded in the tort theory expressed by the *Murray* Court, which is to make the injured party whole. At the time that *Pelkey* was decided, the injured employee could sue for economic damages against the third-party tortfeasor. Allowing the compensation carrier to be reimbursed out of the tort recovery would prevent the injured party from double recovery of the economic damages. Under no-fault, no like possibility of double recovery is present[2] since the employee is limited in tort to noneconomic damages. If we require reimbursement where there was no duplicate recovery, we frustrate the objective of making the injured person whole.

Accordingly, we hold that MCL 418.827(5); MSA 17.237(827)(5), is unconstitutional as applied to employees injured in automobile accidents where tort recovery is limited by MCL 500.3135; MSA 24.13135. The decision of the trial court is reversed

---

[2] We need not discuss the question of a possible double recovery involving workmen's compensation benefits and benefits received from the employee's own insurance since that issue is not raised in the present case.

and the matter remanded to the trial court for an order of summary judgment in favor of defendant.

No costs, a public issue being involved.

CYNAR, J., CONCURRED.

T. M. BURNS, J. *(concurring).* This case presents substantially the same fact pattern as was present in *Wrobel v Wayne County Road Commission,* 79 Mich App 484; 261 NW2d 58 (1977). I wrote separately in *Wrobel,* 79 Mich App at 486 (T. M. BURNS, concurring), outlining what appeared to me to be an equitable method of reimbursement for a workmen's compensation carrier who had paid compensation benefits. At that time I believed *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), applied to this situation and reluctantly concurred in the result reached by the majority in *Wrobel.*

After examining Judge RILEY's opinion, I am convinced that my reluctance to distinguish *Pelkey* in *Wrobel* was based on an erroneous premise and I now join in Judge RILEY's opinion in this case. *Pelkey* is distinguishable on the basis of the type of recovery available to the injured worker in a third-party suit. *Pelkey* does not control here.