GREAT AMERICAN INSURANCE COMPANY v QUEEN

Docket No. 77-4457. Submitted June 9, 1978, at Lansing.—Decided October 3, 1978. Limited leave to appeal granted, 405 Mich 823.

Peter Queen was injured in an automobile accident while in the course of his employment. Also involved in the accident were Patricia E. Moore and Michael I. Hughes. Queen's claims against Moore and Hughes were settled in accordance with the no-fault automobile insurance statute. Meanwhile, Great American Insurance Company, the workmen's compensation carrier for Queen's employer, had paid workmen's compensation benefits to Queen. After the settlement, Great American brought an action against Queen, Moore and Hughes to enforce an alleged lien against the settlement proceeds for the benefits it had paid to Queen. The defendants moved for summary judgment, which was granted by the Oakland Circuit Court, Alice L. Gilbert, J. Great American appeals, alleging that it is entitled to satisfy its lien for workmen's compensation benefits against the proceeds of the recovery for noneconomic benefits under the no-fault statute. *Held:*

The workmen's compensation insurer is not entitled to reimbursement from the proceeds of the settlement made in accordance with the no-fault statute. Because economic and noneconomic losses are two distinct types of loss, the injured employee is not provided with a double recovery.

Affirmed.

ALLEN, P.J., concurred separately to emphasize that the limitation on the workmen's compensation insurer's right to recover, for benefits paid, from a third-party tortfeasor applies only in a case where the injured party has been prohibited by the no-fault statute from recovering his economic benefits from the tortfeasor.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, New Topic Service, No-Fault Insurance §§ 19.
  82 Am Jur 2d, Workmen's Compensation § 432.
  No-Fault: right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.
[2] Am Jur 2d, New Topic Service, No-Fault Insurance § 22.

OPINION OF THE COURT

1. INSURANCE—WORKMEN'S COMPENSATION—AUTOMOBILES—NO-FAULT INSURANCE—THIRD-PARTY TORTFEASORS—STATUTES.

A workmen's compensation insurer which pays benefits to an employee who has been injured is not entitled to reimbursement from a recovery by the employee from a third-party tortfeasor of noneconomic losses under the no-fault automobile insurance statute; the two recoveries, for economic loss and for noneconomic loss, represent compensation for distinct losses and do not provide double recovery to the injured employee (MCL 500.3135; MSA 24.13135).

CONCURRENCE BY ALLEN, P.J.

2. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASORS—RECOVERY OF BENEFITS—AUTOMOBILES—NO-FAULT INSURANCE—STATUTES.

*Recovery by a workmen's compensation carrier of benefits paid to an employee who has been injured from the proceeds of a recovery of noneconomic losses by the employee from a third-party tortfeasor is prohibited only in cases where the limited tort recovery provisions of the no-fault automobile insurance statute apply (MCL 418.827[5], 500.3135; MSA 17.237[827][5], 24.13135).*

*Johnson, Campbell & Moesta, P.C.,* for plaintiff.

*Freedman, Krochmal & Colman,* for defendant Queen.

*Conklin & Maloney (Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen,* by *John P. Jacobs,* of counsel), for defendant Moore.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Randall D. Bryant),* for defendant Hughes.

Before: ALLEN, P.J., and CYNAR and D. R. FREEMAN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. The sole question in this case is whether a worker's compensation carrier is entitled to be reimbursed from the injured employee's recovery of noneconomic losses from the tortfeasors. The trial court held that they were not entitled to reimbursement and granted defendants' motions for summary judgment.

Presently within this Court there exists a split of opinion on this issue. In *Wrobel v Wayne County Road Comm,* 79 Mich App 484; 261 NW2d 58 (1977), one panel of this Court relied upon the pre-no-fault case of *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), and held that the compensation carrier was entitled to reimbursement. However, more recently in *Reliance Insurance Co v Messina Trucking, Inc,* 83 Mich App 159; 268 NW2d 328 (1978), another panel of this Court distinguished *Pelkey* and held that reimbursement was not authorized. We believe that *Reliance Insurance Co v Messina Trucking, Inc* is the better reasoned opinion and we adopt its reasoning and result herein. It makes no sense to us to reimburse plaintiff for monies paid out for economic loss out of a later recovery for noneconomic loss. The two recoveries represent compensation for distinct losses, without providing any double recovery for the injured employee. To adopt plaintiff's argument would be to deny complete recovery to a seriously injured *employee,* while permitting any other person who suffers serious injury to recover in full. We do not believe that the Legislature, in enacting the worker's compensation and no-fault acts, intended such a result.

Affirmed. No costs, a public question being involved.

Allen, P.J. *(concurring).* I concur in the result

in this case but believe it necessary to emphasize the limited nature of the holding in *Reliance Insurance Co v Messina Trucking, Inc,* 83 Mich App 159; 268 NW2d 328 (1978), and hence the limited nature of the holding in the instant case.

Section 827(5) of the Workers Disability Compensation Act, MCL 418.827(5); MSA 17.237(827)(5), provides that an employer or workers compensation insurance carrier shall be reimbursed for its payments from any tort recovery won by the injured employee. Since a recovery in tort virtually always compensated the injured person for his or her economic losses as well as other damages, the set-off provision of § 827(5) avoided a double recovery. With the advent of no-fault, tort recovery in automobile accidents was limited to a few situations not including the usual economic losses. MCL 500.3135; MSA 24.13135. An employee can no longer recover in tort for economic losses resulting from a traffic accident, and therefore there can be no double recovery from tort and workers compensation.

It is the interplay between the limited tort recovery of the no-fault act and the set-off provision of the workers compensation act which creates the unconstitutional classification struck down in *Reliance Insurance Co v Messina Trucking, Inc, supra.* And it is only in this situation that § 827(5) is being held unconstitutional.