FOREMOST LIFE INSURANCE COMPANY v WATERS

Docket No. 77-4423. Submitted December 5, 1978, at Grand Rapids.—
Decided February 20, 1979.

Dorothy V. Blodgett was injured in an automobile accident and
received $26,714.77 from Foremost Life Insurance Company
pursuant to Foremost's group disability insurance policy with
her employer. Marie Waters, as the guardian of Dorothy Blod-
gett, filed suit against the tortfeasor in the accident and en-
tered into a consent judgment in that action in the amount of
$120,000. Thereafter, plaintiff Foremost Life Insurance Com-
pany filed a complaint against Marie Waters, guardian of
Dorothy V. Blodgett, for declaratory relief seeking a determina-
tion that it was entitled to reimbursement from defendant in
the amount of $26,714.77 under the subrogation provision of
the group disability insurance policy covering Dorothy V. Blod-
gett. The Kent Circuit Court, George V. Boucher, J., held for
the plaintiff and ordered defendant to reimburse plaintiff in the
amount of $26,714.77. Defendant appeals claiming that the
plaintiff is not entitled to subrogation. *Held:*

1. Plaintiff's right of subrogation is conventional arising
solely by virtue of the subrogation clause in the insurance
contract.

2. The subrogation clause in the insurance contract is inter-
nally inconsistent, therefore, since insurance contracts are to
be strictly construed against the insurer and ambiguities liber-
ally construed in favor of the insured the Court of Appeals'
duty is to ascertain the meaning which the insured would
reasonably expect.

3. The defendant reasonably expected the subrogation clause
to be inapplicable to the factual situation presented in this
case.

4. The intent of the policy to make the insured whole would
be directly thwarted if plaintiff were allowed, after paying

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Subrogation §§ 1-3, 9, 33.
[2] 73 Am Jur 2d, Subrogation § 106.
[3] 73 Am Jur 2d, Subrogation §§ 1-10.
[4] 42 Am Jur 2d, Insurance §§ 271-279.
[5] 44 Am Jur 2d, Insurance § 1820 *et seq.*

defendant for economic losses, to be subrogated to defendant's rights as against the tortfeasor for noneconomic losses.

5. The subrogation clause did not confer upon plaintiff the right to be reimbursed out of defendant's recovery from third-party tortfeasors whose obligations are entirely distinct from those of plaintiff.

Reversed.

1. Subrogation — Legal Subrogation — Conventional Subrogation.

There are two kinds of subrogation: legal subrogation which arises by operation of law and conventional subrogation which arises by contract.

2. Subrogation — Subrogee's Rights.

A subrogee acquires no greater rights than those possessed by his subrogor whether the subrogation is conventional or arises by operation of law.

3. Subrogation — Words and Phrases — Equity — Volunteers — Primary Liability.

Subrogation is an equitable doctrine which is applied when someone, not a volunteer, discharges an obligation for which another person is primarily liable.

4. Insurance — Contracts — Construction — Strict Construction — Ambiguities — Liberal Construction — Court's Duty.

Insurance contracts are to be strictly construed against the insurer; any ambiguities are to be liberally construed in favor of the insured; the court's duty is to ascertain the meaning which the insured would reasonably expect.

5. Insurance — Subrogation — Insurance Contracts — Economic Damages — Medical Expenses.

Language contained in an insurance policy's subrogation clause, that if the insurer pays for any services provided an insured under the insurance program and in the further event the insured has a right to recover damages from any person or organization the insurer shall be subrogated in the amount of any sums paid by the insured to the rights or recovery of the insured against any such person or organization, did not confer upon the insurer the right to reimbursement from the insured's recovery of noneconomic damages from a third-party tortfeasor where the tortfeasor's obligations were entirely distinct from the insurer's obligation for medical expenses and the insurer

had not discharged the obligation of the tortfeasor, where the insured reasonably expected the subrogation clause to be inapplicable to such a fact situation, where the intent of the policy to make the insured whole and minimize the instances of double recovery by the insured would be thwarted by allowing the insurer to be subrogated to the insured's rights against the tortfeasor for noneconomic losses after paying the insured for his economic losses, and where no intent of the parties is shown to extend the insurer's subrogation rights so as to defect the indemnity feature of the contract.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda*), for plaintiff.

*Rhoades, McKee & Boer,* (by *William F. Mills*), for defendant.

Before: T. M. BURNS, P.J., and M. J. KELLY and D. F. WALSH, JJ.

D. F. WALSH, J. Dorothy Vivian Blodgett was seriously injured in an automobile accident and received $26,714.77 from plaintiff Foremost Life Insurance Company pursuant to plaintiff's group disability insurance policy with her employer. She also filed suit against the tortfeasor in the accident and entered into a consent judgment in that action in the amount of $120,000. Plaintiff filed a complaint for declaratory relief, seeking a determination that it was entitled to reimbursement from defendant in the amount of $26,714.77 under the subrogation provision of its group policy. The trial judge entered judgment for plaintiff and ordered defendant to reimburse plaintiff in the amount of $26,714.77. Our resolution of defendant's main issue on appeal renders treatment of the remaining issues unnecessary.

Defendant argues that plaintiff is not entitled to subrogation. The insurance policy upon which

plaintiff bases its claim contains the following language:

"In the event this plan pays for any services provided a claimant under this program and in the further event the claimant has a right to recover damages from any person or organization, this plan shall be subrogated in the amount of any sums paid by this plan to the rights or recovery of the claimant against any such person or organization. Upon request of this plan, the claimant will execute and deliver to this plan an assignment and other instruments that may be required and do whatever else is necessary to secure such rights for this plan."

It is defendant's argument that subrogation was improperly ordered because, pursuant to Michigan's no-fault law, the money received from the tortfeasor represented noneconomic damages. MCL 500.3135; MSA 24.13135. Benefits paid to defendant by plaintiff, on the other hand, were for medical expenses. The trial court disagreed, finding no reason to refuse to enforce plaintiff's "contractual right of subrogation". On appeal plaintiff stresses the contractual nature of its right to be subrogated to defendant's recovery from the tortfeasor.

Subrogation is of two kinds: legal subrogation which arises by operation of law and conventional subrogation which arises by contract. *Tel-Twelve Shopping Center v Sterling Garrett Construction Co,* 34 Mich App 434; 19 NW2d 484 (1971), *Michigan Medical Service v Sharpe,* 339 Mich 574; 64 NW2d 713 (1954). The two types of subrogation are discussed at length in Kimball & Davis, *The Extension of Insurance Subrogation,* 60 Mich L Rev 841 (1962).

We agree with plaintiff and the trial court that plaintiff's right of subrogation is conventional, as

it arises solely by virtue of the subrogation clause in the insurance contract. Our inquiry, however, does not end here.

Subrogation is defined as follows:

"The substitution of one person in the place of another with reference to a lawful claim, demand or right, *Whyel v Smith,* 101 Fla. 971, 134 So. 552, 554; so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. *Home Owners' Loan Corporation v Baker,* 299 Mass. 158, 12 N.E.2d 199, 201; *Gerken v Davidson Grocery Co.,* 57 Idaho 670, 69 P.2d 122, 126. A legal fiction through which a person who, not as a volunteer or in his own wrong, and in absence of outstanding and superior equities, pays debt of another, is substituted to all rights and remedies of the other, and the debt is treated in equity as still existing for his benefit, and the doctrine is broad enough to include every instance in which one party pays the debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by such other. *Home Owners' Loan Corporation v Sears, Roebuck & Co.,* 123 Conn. 232, 193 A. 769, 772." Black's Law Dictionary (4th ed) p 1595.

It is well established that a subrogee *(e.g.,* the instant plaintiff) acquires no greater rights than those possessed by his subrogor *(e.g.,* the instant defendant). This principle is true whether subrogation is conventional or arises by operation of law. *Northwestern Mutual Ins Co v Jackson Vibrators, Inc,* 402 F2d 37, 40 (CA 6, 1968). Subrogation is an equitable doctrine which is applied when someone, not a volunteer, discharges an obligation for which another person is primarily liable. 83 CJS, Subrogation, § 8, p 600.

In *Michigan Medical Service v Sharpe, supra,* the issue was whether, in the absence of legal subrogation, the parties had provided for subroga-

tion by contract. The Supreme Court ruled in favor of subrogation due to the express provision therefor in the parties' contract. The case represents a successful attempt by parties to an insurance contract to contractually agree that the injured insured's medical insurer would not be "primarily liable" for payment of the insured's medical expenses.

The "subrogation clause" of the instant parties' insurance contract is internally inconsistent. Although it speaks of subrogation, it also appears to grant plaintiff the right to be reimbursed from any sums received by defendant from third-party tortfeasors, regardless of the nature of those sums. That is, it appears to grant plaintiff the right to be reimbursed from sums which cover losses not insured by plaintiff. If this were the parties' intent, it would not represent traditional subrogation. The clause would not constitute a contractual determination of primary liability for a separate and distinct obligation but instead would absolutely negate plaintiff's primary liability for defendant's medical expenses by depriving defendant of the right to benefit from the tortfeasor's discharge of his primary liability for noneconomic losses.

Insurance contracts are to be strictly construed against the insurer. *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324, 330; 224 NW2d 896 (1975). Any ambiguities are liberally construed in favor of the insured. *Kalamazoo Aviation, Inc v Royal Globe Ins Co,* 70 Mich App 267; 245 NW2d 754 (1976), *lv den* 399 Mich 871 (1977). The court's duty is to ascertain the meaning which the insured would reasonably expect. *Zurich Ins Co v Rombough,* 384 Mich 228, 233; 180 NW2d 775 (1970).

Careful examination of the entire insurance

contract leaves us with the firm conviction that defendant reasonably expected the "subrogation clause" to be inapplicable to the factual situation presented in this case. The provisions of the "Coordination of Benefits" section of the policy clearly indicate that the intent of the policy is to make the insured whole and to minimize the instances of double recovery by the insured. This apparent intent to make the insured whole would be directly thwarted if plaintiff were allowed, after paying defendant for economic losses, to be subrogated to defendant's rights as against the tortfeasor for noneconomic losses.

In a different context, various panels of this Court have dealt with an analogous issue. In *Reliance Ins Co v Messina Trucking, Inc,* 83 Mich App 159; 268 NW2d 328 (1978), a worker's compensation carrier sought reimbursement of benefits paid to an insured employee for economic losses from the third-party tortfeasor sued by the employee for noneconomic damages in excess of the employee's own no-fault insurance coverage. The employee's injuries arose out of an automobile accident with the tortfeasor. The Court emphasized the significance of the no-fault law's limitation on tort recovery and the objective in tort law to make the injured person whole. MCL 418.827(5); MSA 17.237(827)(5), upon which the worker's compensation carrier based its claim, was declared unconstitutional as applied to employees injured in automobile accidents where tort recovery was limited by MCL 500.3135. The *Reliance* decision was followed in *Great American Ins Co v Queen,* 86 Mich App 362; 272 NW2d 659 (1978). The *Great American* Court noted that it made no sense "to reimburse [a worker's compensation carrier] for monies paid out for economic loss out of a later recovery

for noneconomic loss. The two recoveries represent compensation for distinct losses, without providing any double recovery for the injured employee". 86 Mich App at 364. And in *Flower v Gensterblum,* 86 Mich App 561; 272 NW2d 726 (1978), the Court, while not finding it necessary to question the constitutionality of MCL 418.827(5), focused on the subrogation nature of the worker's compensation carrier's right to reimbursement and noted that, since the enactment of no-fault, it can no longer be said that the carrier, in paying benefits to the employee for economic damages, was "discharging the obligation of another". The debt of the tortfeasor is now distinct from that of an insurance company liable only for economic losses.

So too in the instant case, plaintiff has not discharged the obligation of the tortfeasor. Although the parties to the insurance contract have provided for otherwise unavailable subrogation rights for plaintiff, they have not plainly indicated an intent to extend plaintiff's subrogation right so as to defeat the indemnity feature of the contract. We hold that the "subrogation clause" of the parties' contract did not confer upon plaintiff the right to be reimbursed out of defendant's recovery from third-party tortfeasors whose obligations are entirely distinct from those of plaintiff.

Entry of judgment for plaintiff is reversed.