CASUALTY RECIPROCAL EXCHANGE v VANCIL

Docket No. 47938. Submitted June 11, 1980, at Detroit.—Decided September 16, 1980. Leave to appeal applied for.

Lois M. Polyhronos, a waitress in a restaurant, was injured when she fell in the darkness which resulted when a vehicle operated by Duane R. Vancil struck an electric transformer and cut off power to the restaurant. Casualty Reciprocal Exchange, the restaurant's insurer, paid worker's compensation benefits to Ms. Polyhronos and subsequently brought an action against Vancil for reimbursement of the benefits it had paid. The Oakland Circuit Court, Gene Schnelz, J., granted summary judgment for the defendant. Plaintiff appeals. *Held:*

An insurer may be entitled to reimbursement from a third-party tortfeasor of economic benefits paid to an injured party. In this case the plaintiff did not allege any facts to support recovery on any economic benefits theory and was therefore apparently seeking noneconomic reimbursement. Because the plaintiff had not paid any noneconomic benefits it is not entitled to recover any such benefits. Summary judgment was proper.

Affirmed.

1. APPEAL — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

The Court of Appeals accepts as true all of the plaintiff's factual allegations and conclusions when reviewing a summary judg-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 879.
  61 Am Jur 2d, Pleading §§ 71 *et seq.,* 229 *et seq.*
[2] 81 Am Jur 2d, Workmen's Compensation § 65.
[3] 5 Am Jur 2d, Appeal and Error § 591.
[4] 7 Am Jur 2d (Rev), Automobile Insurance §§ 358, 359, 361.
  7A Am Jur 2d, Automobile Insurance § 443.
  22 Am Jur 2d, Damages § 15.
  Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
  No-fault: right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.

ment granted for failure to state a claim upon which relief may be granted; the test is whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development of those allegations and conclusions would result in recovery (GCR 1963, 117.2[1]).

2. WORKER'S COMPENSATION — THIRD-PARTY TORTFEASORS — INSURERS — STATUTES.

An injured worker may sue a third-party tortfeasor; if the worker chooses not to sue, an insurer which has paid benefits to the worker may sue the third-party tortfeasor in order to obtain reimbursement (MCL 418.827[1], [5]; MSA 17.237[827][1], [5]).

3. APPEAL — CLAIM NOT RAISED BELOW — WAIVER.

A claim not raised by a party until appeal has been waived.

4. INSURANCE — NO-FAULT INSURANCE — NONECONOMIC DAMAGES — STATUTES.

An insurer of a party injured by a motorist, which has paid the injured party only economic benefits, may not recover noneconomic reimbursement (MCL 500.3135; MSA 24.13135).

*LeVasseur, Mitseff, Egan & Capp* (by *Barbara A. Murray)*, for plaintiff.

*Beier, Howlett, McConnell, Googasian & McCann* (by *Pamela G. Shea)*, for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. On July 30, 1976, Lois M. Polyhronos was working as a waitress for the Coach Stop Restaurant, also known as Wagonwheel Saloon, in Troy, Michigan. Defendant, while operating a motor vehicle near the restaurant, struck an electric transformer and cut off all power to the restaurant. In the resulting darkness, Ms. Polyhronos fell and sustained serious injuries to her knee and leg. Subsequently, plaintiff, the restaurant's in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

surer, began paying workers' compensation benefits to Ms. Polyhronos.

On June 19, 1979, plaintiff sued defendant for reimbursement of benefits it had paid to the insured employee, Ms. Polyhronos. After a hearing on September 26, 1979, the trial court entered summary judgment for defendant pursuant to GCR 1963, 117.2(1).

When reviewing a summary judgment motion granted under GCR 1963, 117.2(1), this Court accepts as true all of plaintiff's factual allegations and conclusions. The test then becomes whether plaintiff's claim is so clearly unenforceable as a matter of law that no factual development of those allegations and conclusions would result in recovery. *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389, 393; 283 NW2d 749 (1979), *Sullivan v The Thomas Organization, PC,* 88 Mich App 77, 82; 276 NW2d 522 (1979).

MCL 418.827(1); MSA 17.237(827)(1) recognizes the injured worker's right to sue a third-party tortfeasor. If that worker chooses not to sue, then the insurer can sue in his place to obtain reimbursement, MCL 418.827(5); MSA 17.237(827)(5). In the instant case, Ms. Polyhronos chose not to sue, so plaintiff brought suit to enforce defendant's liability.

The Michigan no-fault insurance act was enacted as a substitute for common law tort remedies. *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978). Tort liability remains only for noneconomic injury or for certain, limited economic loss. MCL 500.3135; MSA 24.13135.[1] Since no claim regarding the economic

---

[1] "(1) A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement.

"(2) Notwithstanding any other provision of law, tort liability

exception of § 3135 was made until appeal, that claim has been waived. *Klager v Robert Meyer Co,* 95 Mich App 319; 290 NW2d 132 (1980).

The specific issue here, whether an insurance carrier is entitled to reimbursement from a third-party tortfeasor of medical and wage loss benefits paid to a worker injured in an automobile accident, has been addressed by this Court in *Great American Ins Co v Queen,* 86 Mich App 362; 272 NW2d 659 (1978), *Reliance Ins Co v Messina Trucking, Inc,* 83 Mich App 159; 268 NW2d 328 (1978), and most recently in *Logan v Edward C Levy Co,* 99 Mich App 356; 297 NW2d 664 (1980). In each case this Court has held that although the injured party may recover noneconomic damages, an insurer which has paid *only* economic benefits may not.

In the instant case, plaintiff's complaint did not allege facts which would support recovery on any economic theory under MCL 500.3135(2)(a); MSA 24.13135(2)(a) or MCL 500.3135(2)(c); MSA 24.13135(2)(c).[2] In light of the basic limitation to noneconomic recovery of MCL 500.3135; MSA 24.13135, this suit evidently was brought to seek

arising from the ownership, maintenance of use within this state of a motor vehicle with respect to which the security required by subsections (3) and (4) of section 3101 was in effect is abolished except as to:

"(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his act or omission, he does not cause or suffer such harm intentionally if he acts or refrains from acting for the purpose of averting injury to any person, including himself, or for the purpose of averting damage to tangible property.

"(b) Damages for noneconomic loss as provided and limited in subsection (1).

"(c) Damages for allowable expenses, work loss and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly and 3 year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his liability by the amount of taxes that would have been payable on account of income the injured person would have received if he had not been injured."

[2] Amended by 1979 PA 147.

noneconomic reimbursement. Since plaintiff has not paid any noneconomic benefits to the injured worker, it may not recover any such funds. It is clear that no factual development could have led to plaintiff's recovery, thus, summary judgment was properly awarded below.

Affirmed. No costs, interpretation of a statute being at issue.