James Gibson, J.
Motion to dismiss the second and third affirmative defenses pleaded in the answer in a negligence action (CPLR 3211, subd [b]).
Plaintiff wife sues to recover for personal injuries sustained as the result of a collision between an automobile operated by plaintiff husband, in which she was a passenger, and an *415 automobile operated by the defendant. The complaint alleges that she sustained "serious injury”, as defined in subdivision 4 of section 671 of the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art. XVIII), and incurred damage in excess of the "basic economic loss” defined in subdivision 1 of the same section. In the complaint, a second cause of action is interposed, this on behalf of plaintiff husband — who, so far as appears, sustained no bodily injury — and paragraph 10 alleges as the basis of the recovery sought by him: "That plaintiff has been and necessarily will be put to great expense in providing medical, hospital and other aid and attendance and medicines and other necessaries for his said wife; that plaintiff’s said wife has been and, as plaintiff is informed and believes, will necessarily continue to be unable to attend to her usual, or any occupation or business, and plaintiff has been and will necessarily continue to be deprived of the earnings, income, services, society and companionship of his said wife.”
The defendant’s answer alleges, as a third, separate affirmative defense: "That the allegations in the second cause of action are insufficient in the law since such allegations for medical expenses and loss of society and companionship of the wife do not survive the provisions of no fault as defined in § 671 of the Insurance Law.”
Amplifying the theory of the pleaded defense, the defendant’s memorandum of law contends that the claim under the husband’s cause of action "is a definite inclusion of economic loss and it is our contention that the husband is not entitled to economic loss until such time as the 'basic economic loss’ of Fifty Thousand Dollars ($50,000.00) is reached. Sub-Section 1 of Section 673 of the Insurance Law states that there shall be no right of recovery for basic economic loss. This bar would prevail against any plaintiff.”[1]
Such derivative causes of action as those in negligence arising from the husband-wife and parent-child relationships are firmly grounded in law and there appears no basis whatsoever for any conclusion that by the enactment of article 18 they have been abrogated by implication. Indeed, the only basis for such an implication would have to be the fact that the new act contains no explicit reference to derivative causes *416 of action; but these are so deeply rooted in the law that the more reasonable implication to be drawn from the omission is that they are left untouched, except as the new act may alter the substantive and procedural aspects of the main or source cause of action from which the husband’s or parent’s action is derived and upon which the viability of the husband’s or parent’s cause of action is completely dependent. Thus, as the existence and survival of the derivative action must be determined by reference to the source action, so the procedural status of the derivative action must be tested by that of the source action, if the dictates of orderly procedure are to be followed and the duplicative steps and effort and at least minor confusion involved in pursuing common-law damages in the source action and first-party benefits in respect of the derivative claim are to be avoided.
This conclusion, grounded — hopefully—in logic and reason, has at least implicit support in the statute. It is true that the language of section 672 (subd 1, par [a]), dealing with first-party benefits, might be construed as broad enough to encompass the husband’s or parent’s "loss arising out of the use or operation” of a motor vehicle — and this would also require a reasonably broad construction of the term "loss on account of personal injury”, i.e., a personal injury other than one’s own, appearing in subdivision 2 of section 671 — but again we are dealing with a derivative and not a primary "loss”. However, and in any event, it is to the exclusionary provisions of section 673 that we must turn for the answer to the procedural problem, that is, whether in this case the derivative action, involving relatively minor economic loss, must be treated as a claim for first-party benefits or whether it may be pursued with, and as an adjunct to, the wife’s cause of action presently at issue in this court. The statute provides:
"§ 673. Causes of action for personal injury.
1. Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
If the husband is not a "covered person” (see discussions of sections 671 and 672, supra), then his cause of action is not excluded. If he is covered, it is, nevertheless, reasonably clear that his is not an "action * * * for personal injuries”, and *417 thus, because of his small economic loss excluded; this because the "personal injuries” were his wife’s, as is the "action” therefor. This conclusion seems at least consistent with the basic ground of this determination: that by its very nature the derivative action — absent any statutory interdiction — is to be tested, substantively and procedurally, according to the qualification and eligibility of the basic negligence claim, whether for prosecution as at common law or as a claim for statutory benefits. Accordingly, the defense fails.
The "second, separate and affirmative defense” alleges only that "the complaint fails to state a cause of action”, is not a recognized or necessary defense and, although harmless, should, in the interests of orderly procedure, and to discourage redundancy in pleading, be stricken.
Motion granted.

. Defendant’s brief discusses, also, the claim for loss of consortium and contends "that such derivative causes of action have ceased to exist by reason of 'no fault’ ”.