399 A.2d 755

John J. ZAGARI and Christie Zagari, Appellants,

v.

William GRALKA.

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided March 16, 1979.

Petiton for Allowance of Appeal Granted Aug. 16, 1979.

240

Alan L. Carb, Pittsburgh, and with him Gary E. Stout, Pittsburgh, for appellants.

Harry W. Miller, Robert N. Gentile, Pittsburgh, for appellee.

Before PRICE, HESTER and WATKINS, JJ.

PRICE, Judge:

This case presents the questions of whether an automobile accident victim, in suing the tort-feasor, may, consistent with Pennsylvania's No-fault Motor Vehicle Insurance Act,[1] plead, prove, and recover items of economic detriment compensable under the Act, and whether the Act serves to abolish causes of action for loss of consortium.

Appellants filed a complaint in trespass on October 24, 1977, alleging appellee's negligence in an automobile accident which occurred on December 12, 1976, which involved a car driven by appellant John Zagari, and one driven by appellee. Appellant Christie Zagari was not present at the time of the accident. The complaint alleged in paragraph 8, subparagraphs (a), (b), (g), and (h), that appellant John Zagari sustained the following damages: (a) past and future medical expenses in excess of $750; (b) the necessity of purchasing a neck brace and home traction machine; (g) anxiety and embarrassment in repeating a year of law school due to poor grades suffered subsequent to the accident; and (h) financial setbacks in his contracting business due to appellant's inability to personally take part in the construction work.

1. Act of July 19, 1974, P.L. 489, No. 176 (40 P.S. § 1009.101 *et seq.*).

In another count of the complaint, appellant Christie Zagari, wife of John, alleged in paragraph 11, subparagraphs (a), (b), and (c), that as a direct and proximate result of appellee's negligence and recklessness, she sustained the following damages: (a) loss of consortium; (b) emotional distress and inconvenience; and (c) loss of the pecuniary value of her husband's services for the period of time he was recuperating from the accident.

Appellee filed preliminary objections and, in the alternative, a motion to strike, in which he objected to the above mentioned paragraphs of appellants' complaint, and contended that such damages were not compensable under the No-fault Act. The motion was granted in an order by Judge Silvestri dated December 8, 1977, and paragraph 8, subparagraphs (a), (b), (g), and (h), and paragraph 11, subparagraphs (a), (b), and (c) of the appellants' complaint were stricken. Judge Silvestri issued an amended order dated December 20, 1977, certifying that the action involved a controlling question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal "may materially advance the ultimate termination of this matter." [2]

Appellants subsequently filed a petition for permission to appeal with this court, and such petition was denied per curiam in an order dated January 12, 1978. Appellants thereafter filed a Petition for Allowance of Appeal with our state supreme court, seeking review of our order of January 12. In an order dated March 2, 1978, the supreme court granted appellants' petition and instructed this court to entertain and hear this appeal.

In pertinent part, Section 301 of the No-fault Act (40 P.S. § 1009.301) provides that:

"(a) Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the

[2]. This order complies with the requirements of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 601 (17 P.S. § 211.601(b)).

maintenance or use of a motor vehicle, except that; . .

. . . (4) A person remains liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c) or (d) of this act. A person is not liable for loss which is not compensated because of limitations in accordance with subsection (e) of section 202 of this act.

(5) A person remains liable for damages for non-economic detriment if the accident results in:

(A) death or serious and permanent injury; or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750) . . .; or

(C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or

(D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe . . ."

Appellants contend that once a plaintiff meets the threshold requirements of section 301(a)(5), all economic and non-economic damages may be pleaded regardless of any prior compensation by a plaintiff's no-fault insurance obligor.[3] With this contention we cannot agree.

**3.** On appeal, appellants concede that paragraph 11, subparagraph (b), which sought recovery for the emotional distress and inconvenience of appellant Christie Zagari, is not a compensable damage item under the No-fault Act.

██ Section 301(a)(5) specifically provides that damages for *non-economic* detriment are recoverable if the threshold requirements are met. "Non-economic detriment" means "pain, suffering, inconvenience, physical impairment, and other non-pecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle."[4] Damage items such as medical expenses,[5] financial setbacks in one's business, and loss of pecuniary value of a spouse's services are not "non-economic detriment," and therefore do not come within the ambit of section 301(a)(5). Indeed, recovery for these damage items is provided for in the Act itself.[6] Appellants, nevertheless, would have us hold that such damages are recoverable in a tort action once the threshold requirements of section 301(a)(5) are met. In effect, we are being asked to deem the meeting of the threshold requirements as a signal to open the floodgates of pleadings, thereby allowing all losses, even those already compensated via no-fault insurance, to be pleaded and proved. We cannot hold that such a practice is condoned under § 1009.301. To the contrary, except for those situations coming under § 1009.301(a)(4) which deals with losses not compensated under the Act due to limitations imposed by the Act,[7] the legislature made it abundantly clear that economic losses were not to be recoverable via a tort action in the no-fault context. To allow these economic

4. 40 P.S. § 1009.103.

5. The damages plaintiffs list which concern purchase of a neck brace and home traction unit, we view as an "allowable expense" under § 1009.103 and thus, economic loss.

6. Medical expenses are "allowable expenses" under § 1009.103 and thus are recoverable in full under § 1009.202(a), provided such expenses are "reasonable." Financial setbacks in one's business are recoverable, with limitations under § 1009.202(b). Pecuniary loss of a spouse's services are recoverable, with certain limitations, under § 1009.202(c).

7. With respect to those damages of appellants' which would come within the scope of § 1009.301(a)(4), *i. e.,* replacement services and work loss, no allegation was made in the complaint that the amount of these damages exceeded the limitations imposed by § 1009.202(c) and (b)(1)(A) respectively.

losses to be pleaded and proved, would be contrary to the purpose of the act, encourage double recovery, and, at the very least, be a source of confusion for the fact-finder.

Appellants contend that the best indicators of the monetary worth of claims for pain and suffering are medical expenses and work loss, and that without this data, "a Plaintiff's pleading and presentation of damages at trial will be empty shells lacking crucial information." (Appellants' brief at 10). We find this contention to be absurd. One cannot discern how much pain and suffering was endured by considering how much money changed hands between the injured party and those who treated him. It is the nature and extent of the treatment required which is more truly an indication of pain and suffering, and evidence of treatment may be introduced in a tort action for pain and suffering.

Other states operating under no-fault systems have dealt with the pleadings problem in various ways. Some state legislatures, e. g., New Jersey [8] and Delaware,[9] have seen fit to specifically provide that plaintiffs may not introduce evidence of damages compensable under their respective statutes. Other state legislatures, e. g., Florida [10] and New

8. The New Jersey Automobile Reparation Reform Act, N.J.Stat.Ann. § 39:6A–1 et seq., provides in § 39:6A–12 that:
   "Evidence of the amounts collectable or paid pursuant to sections 4 and 10 of this act to an injured person is inadmissible in a civil action for recovery of damages for bodily injury by such injured person."

9. Title 21 of the Delaware Code § 2118(g) provides that:
   "Any person eligible for benefits described in paragraph (2) or (3) of subsection (f) of this section other than an insurer in an action brought pursuant to subsection (c) of this section, is precluded from pleading or introducing into evidence in an action for damages against a tort-feasor those damages for which compensation was available under paragraph (2) or (3) of subsection (a) of this section without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable."

10. Florida's Automobile Reparations Reform Act, Fla.Stat. § 627.727 et seq., provides that:
    " . . . An injured party who is entitled to bring suit under the provisions of § 627.737, or his legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his

York,[11] specifically provide that plaintiffs may introduce evidence of damages compensable under their respective statutes. Of the no-fault states which, like Pennsylvania, have no specific provisions regarding pleading of losses recoverable under no-fault legislation, only one to date, Michigan, has addressed the problem.

In *Murray v. Ferris*, 74 Mich.App. 91, 253 N.W.2d 365 (1977), the Michigan Court of Appeals, interpreting § 500.-3135 of Michigan's no fault statute which provided that the accident victim may recover from the tort-feasor only for non-economic loss, held that the trial judge involved acted correctly in striking from the victim's pleadings all claims for economic loss. We agree with this position.

■ In their complaint, appellants also sought to plead specifically that appellant John Zagari experienced anxiety and embarrassment in having to repeat a year of law school due to bad grades incurred subsequent to the accident in question. We hold that this is not a ground of recovery in and of itself. Rather, more properly, it comes under the heading of "pain, suffering, and inconvenience" which appellants pleaded elsewhere in their complaint.

We, therefore, affirm that part of the lower court order striking from the complaint paragraph 8, subparagraphs (a), (b), (g), and (h), and paragraph 11, subparagraph (c).

■ The final issue before this court is whether a cause of action for consortium can be maintained, consistent with the No-fault statute. We hold that providing the threshold requirements of § 1009.301(a)(5) are met, a cause of action

special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable." Fla.Stat. § 627.736(3).

11. New York's Comprehensive Automobile Insurance Reparations Act, N.Y. Ins. Law § 670 *et seq.* (McKinney) provides for a qualified right to plead loss recoverable under the act:

"Where there is no right of recovery for basic economic loss, such loss may nevertheless be pleaded and proved to the extent that it is relevant to the proof of noneconomic loss." N.Y. Ins. Law (McKinney) § 673 Subd. 3.

for consortium can be maintained, and therefore, we reverse and remand that part of the lower court order striking from appellants' complaint paragraph 11, subparagraph (a).

Although there exists no specific provision in the No-fault statute either abolishing or retaining a cause of action for consortium, we find it to come within "non-economic detriment" recoverable under § 1009.301(a)(5). "Non-economic detriment" as defined in § 1009.103 includes "other nonpecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle."

Appellee contends that since "injury" as defined in the Act means "accidentally sustained bodily harm . . . [and] illness, disease, or death resulting therefrom," [12] and the statute makes no provisions for the recovery of damages by anyone other than he who sustains bodily injury (except in the case of death or loss of replacement services), a spouse should not be able to recover for loss of consortium. We disagree.

Other states considering the same problem have found the cause of action for consortium to be preserved. The Florida District Court of Appeals in the case of *Faulkner v. Allstate Insurance Company,* 333 So.2d 488 (Fla.App.1976), stated that as long as the threshold requirements are met, a spouse has a cause of action for consortium under the Florida no-fault act. It should be noted that the Florida statute was expressed in terms of "accidental bodily injury." [13] The New York Supre.. e Court in the case of *Barker v. Scott,* 81 Misc.2d 414, 365 N.Y.S.2d 756 (1975) held that the husband's action for services, society, and companionship of his wife was an adjunct to his wife's action for "personal injuries."

Even in our own state, some lower courts have seen fit to hold that the Pennsylvania No-fault statute does not abolish a spouse's cause of action for consortium. In holding the cause of action for consortium to be preserved, the court of Common Pleas for Bucks County stated:

**12.** 40 P.S. § 1009.103.

**13.** Fla.Stat. § 627.736(4)(d).

"Defendant contends that because loss of consortium is not specifically enumerated as an exception to abolition of tort liability, it is no longer a recoverable item. But statutes are not presumed to make changes in rules and principles of common law or prior existing law beyond what is expressly declared in their provisions: *Commonwealth v. Miller,* 469 Pa. 24, 364 A.2d 886 (1976). And where the words of a statute are not explicit, rules of statutory construction dictate that the court (1) seek to ascertain the intent of the General Assembly, using among other indicia the former law, and (2) liberally construe the provisions of a statute so as to effect its object and promote justice. (footnote omitted)

Applying these principles, we find that section 1009.301 provides for relief to a spouse for loss of consortium where a victim's injuries meet the criteria set forth in subsection 301(a)(5)." *Tchimayan v. Toscano,* 4 Pa.D. & C.3d 534, 537 (1977).

Taking all factors into consideration, we are persuaded that a spouse's cause of action for consortium is not abolished by the No-fault statute. We therefore reverse and remand that part of the lower court order striking paragraph 11, subparagraph (a) of appellants' complaint.

This case is remanded to the lower court for further proceedings consistent with this decision.

HESTER, J., files a concurring and dissenting statement.

HESTER, Judge, concurring in part and dissenting in part:

I respectfully dissent in part and concur in part.

The instant appeal raises a unique issue of first impression heretofore unresolved by the Appellate Courts of this Commonwealth.

The factual posture is as follows:

A motor vehicle collision occurred between an automobile operated by Appellant, John J. Zagari, and another operated by Appellee on December 31, 1976, after the effective date

of the Pennsylvania No-Fault Motor Vehicle Insurance Act, *Act of 1974, July 19, 1974, P.L. 489, No. 176, 40 P.S., Section 1009.101, etc.* Appellant, Christie Zagari, is the wife of Appellant, John J. Zagari, but was not present at the time of the accident.

Thereafter, Appellants filed a Complaint in Trespass on October 24, 1977. After being properly served, Appellee filed Preliminary Objections in the Nature of Demurrer, or, in the alternative, a Motion to Strike certain sub-paragraphs contained in Appellants' Complaint.

The Court of Common Pleas of Allegheny County, by The Honorable Silvestri Silvestri, sustained Appellee's Motion to Strike and struck sub-paragraphs 8(a), (b), (g), (h), and 11(a), (c), of Appellants' Complaint, which, as pled, provided inter alia:

8. Solely as a direct and proximate result of Defendant's negligence and reckless conduct, as aforesaid, Plaintiff has sustained the following damages:

a. Plaintiff has accumulated and will continue to accumulate reasonable and necessary medical expenses for doctors fees and therapeutic treatments, the reasonable value of which is in excess of Seven Hundred and Fifty Dollars ($750.00);

b. Plaintiff has had to purchase a neck brace and home traction machine;

g. Plaintiff was attending Duquesne University Law School at the time of the accident and because of his injuries was unable to study properly for his final examinations causing poor grades, anxiety, embarrassment, and the necessity of repeating a year of law school;

h. Plaintiff's general contracting business suffered financial set backs and continues to be adversely affected by Plaintiff's inability to personally take part in construction work. In particular, bids have been lost or let go, a foreman and additional workers have had to be hired and Plaintiff's expertise in laying bricks, a skilled craft, has been lost to the business.

11.  Solely as a direct and proximate result of Defendant's negligence and reckless conduct, as aforesaid, Plaintiff, Christie Zagari, has sustained the following damages:

    a.  Plaintiff has lost consortium;

    c.  Plaintiff lost the pecuniary value of her husband's services for the period of time he was recuperating from the accident.

On December 20, 1977, Judge Silvestri issued an amended Order of Court acknowledging that despite the fact that his prior Order was interlocutory in nature, an immediate Appeal from said Order to this Court may materially advance the ultimate termination of this matter.  Hence, this Appeal.

The issue before this Court at this time is whether the lower court acted properly in striking from Appellants' Complaint the aforementioned sub-paragraphs, pursuant to said Pennsylvania No-Fault Motor Vehicle Insurance Act.

Section 301(a)(5) of the No-Fault Act provides *inter alia* :

"(a) Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that: .   .

(5) A person remains liable for damages for *non-economic detriment* if the accident results in: (Emphasis added)

(A) death or serious and permanent injury;  or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750) .   .   .; or

(C) medically determinable physical or mental impairment which prevents the victim from performing all or

substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; or

(D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe . . ."

I accept as an accurate statement the majority's evaluation of the above quoted section where the majority has found:

"Section 301(a)(5) specifically provides that damages for *non-economic* detriment are recoverable if the threshold requirements are met. 'Non-economic detriment' means 'pain, suffering, inconvenience, physical impairment, and other non-pecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle."[4] Damage items such as medical expenses,[5] financial setbacks in one's business, and loss of pecuniary value of a spouse's services are not 'non-economic detriment,' and therefore do not come within the ambit of section 301(a)(5). Indeed recovery for these damage items is provided for in the Act itself.[6]

However, I disagree with the majority's conclusion which followed immediately the above quote where it held "Appellants nevertheless would have us hold that such damages are recoverable in a tort action once the threshold requirements of section 301(a)(5) are met."

I do not think that is what Appellants are seeking. Rather, I believe Appellants desire the opportunity to plead their economic losses and, to the extent only that same are

[4] 40 P.S., Sec. 1009.103.

[5] The damages plaintiffs list which concern purchase of a neck brace and home traction unit, we view as an 'allowable expense' under Sec. 1009.103 and thus, economic loss.

[6] Medical expenses are 'allowable expenses' under Sec. 1009.103 and thus are recoverable in full under Sec. 1009.202(a), provided such expenses are 'reasonable.' Financial setbacks in one's business are recoverable, with limitations under Sec. 1009.202(b). Pecuniary loss of a spouse's services are recoverable, with certain limitations, under Sec. 1009.202(c)."

relevant to the proof of their non-economic losses, prove their economic losses.

I believe that the lower court exceeded its scope of review in striking the sub-paragraphs of Appellants' Complaint which dealt with Appellants' economic losses, and further, I disagree with the majority's affirmance of the lower court's Order.

To plead—to prove—to recover, are three distinct and separate issues. Certainly, I do not believe that Appellants should be able to plead, prove and recover for economic damages previously compensated by a No-Fault Insurance obligor. Moreover, by this dissent, I do not intend to encourage double recoveries nor suggest that litigants may proceed contrary to the purpose of the Pennsylvania No-Fault Act.

However, I do believe *de minimus* that Appellants may plead economic losses and, to the extent that same are relevant to the proof of their non-economic losses, prove same. Thereafter, it would be necessary for the trial judge to submit to the factfinders the amounts of compensation previously received from a litigant's No-Fault Insurance obligor and, if necessary, mold any verdict to avoid double recoveries.

I find that once a litigant meets the threshold requirements of Section 301(a)(5), all *economic* and *non-economic* damages, detriments and losses may be pleaded notwithstanding any prior compensation by said litigant's No-Fault Insurance obligor.

For the above reasons, it is my opinion that providing the statutorily imposed threshold requirements of Section 1009.-301(a)(5) are met, Appellants may plead and possibly be afforded an opportunity of proving economic losses in an effort to measure the amount of non-economic detriment sustained.

Accordingly, I dissent in part with the majority opinion and would reverse and remand that part of the lower court's Order striking from Appellants' Complaint those items of

economic loss, specifically sub-paragraphs 8(a), 8(b), 8(h), and 11(c).

I concur with the majority in affirming that part of the lower court's Order striking from the Appellants' Complaint paragraph 8(g) (the necessity of repeating a year of law school), for the reason that same more properly falls under the heading of "pain, suffering and inconvenience", which Appellants pleaded elsewhere in their Complaint.

Finally, I concur in the opinion of the majority of this Court wherein it held that providing the threshold requirements of Section 1009.301(a)(5) are met, a cause of action for consortium may be maintained and, therefore, I join with the majority in reversing and remanding that part of the lower court's Order striking from appellants' complaint paragraph 11(a).