## Sturtz v. Ludy

*Alexander Ogle,* for plaintiffs.
*Samuel D. Clapper, James O. Courtney, Jr.,* and *Thomas G. Saylor, Jr.,* for defendants.

COFFROTH, *P.J.,* December 26, 1979—This trespass case is here on preliminary objections to

the complaint challenging the sufficiency of its averments under the no-fault statute in several respects, dealt with under separate headings, as follows:

. . .

### Loss of Consortium

Plaintiff husband, who [incurred medical bills in excess of $6,500 and thereby] has sufficiently pleaded a cause of action for noneconomic harm under section 301(a)(5)(B) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.301, also alleges a claim for loss of his wife's consortium in paragraph 21 of the complaint. The objections assert that since her claim for her injury is to be stricken for failure to state a valid cause of action [outside the act's abolition of tort liability for personal injury], paragraph 21 must fall with it. We agree.

A cause of action for loss of consortium is recognized in Pennsylvania in either spouse on account of disabling injury to the other. See Hopkins v. Blanco, 457 Pa. 90, 320 A. 2d 139 (1974); 18 P.L.E., Husband and Wife §86. Loss of consortium is a form of pain and suffering: Sturtz v. Yoder's Milk Transport, 30 Somerset 1, 32 (1975). It includes loss of society, companionship and services resulting from disabling injury to the spouse. See Neuberg v. Bobowicz, 401 Pa. 146, 162 A. 2d 662 (1960). It is an injury to the marital relation: Hopkins v. Blanco, 224 Pa. Superior Ct. 116, 302 A. 2d 855 (1973), affirmed on other grounds, 457 Pa. 90, 320 A. 2d 139 (1974); Sum. Pa. Jur., Torts II, §604. Loss of consortium within the meaning of the no-fault law is noneconomic detriment: Zagari v. Gralka, 264 Pa. Superior Ct. 239, 399 A. 2d 755, 759 (1979).

The defense theory is that: "Under Pennsylvania law, a loss of consortium is derivative [from the other spouse's cause of action for disabling injury]," and therefore, "Under the No-fault Motor Vehicle Insurance Act, a claim for loss of consortium cannot be made if the direct tort claim [of the other spouse] from which it is derived has been abolished by the no-fault act."

The validity of that contention is most apparent where only one spouse suffers injury arising from maintenance or use of a motor vehicle; in such case, the tortfeasor's liability for noneconomic harm (including the other spouse's loss of consortium) depends upon the injured spouse's pleading a litigable tort cause of action for his or her own injury within one of the exceptions of section 301(a)(5) of the act as previously discussed. Absent such a litigable tort claim or cause of action in the injured spouse, the tortfeasor's liability for the other spouse's consortium claim, even though it might otherwise exist under tort law, is also abolished under section 301(a).

The correctness of that principle is somewhat obscured under the no-fault act where both spouses are injured in the accident, and one of them (here the husband) pleads a litigable tort claim for his own injury under section 301(a)(5) and the other spouse (here the wife) does not. In such case, is the husband's consortium claim litigable as an incident of his own valid tort claim for his injury, independently of the tortfeasor's liability or nonliability for the wife's injury? Historically, the consortium claim has been regarded as a "separate and distinct right of action." Rockwell v. Waverly, Sayre & Athens Elec. Traction Co., 187 Pa. 568, 571-2, 41 Atl. 324 (1898); Sum. Pa. Jur., Torts II, §604. The quoted phrase suggests that while the consortium

claim is "derivative" from or dependent upon the *injury* to the other spouse, it is not "derivative" from or dependent upon the establishment of the tortfeasor's *liability* for the injury to the other spouse.[4] But that is reading too broadly Rockwell v. Waverly, etc., supra, which held that except for the statute mandating joinder of the claims in one action, they could be separately brought.[5] The authors of 7 Goodrich-Amram 2d §2228(a):1 stretched "separate and distinct right of action" into "independent" cause of action as follows:

"Under the Pennsylvania law, as well as under general Anglo-American law, a nonfatal injury to a wife gives rise to a cause of action in favor of the husband. His cause of action is *independent* of that which arises in favor of the wife. She recovers damages for her personal injuries, pain and suffering and personal losses, while he recovers for the loss of the wife's companionship, loss of her services, and for any medical or hospital expenses incurred or paid by him. At common law, both in England and in Pennsylvania, these separate causes of action of the husband and wife had to be enforced in separate actions even though the proof in each, except for damages, would be largely the same. This fact argued strongly in favor of a rule of procedural convenience requiring the husband and wife to bring one suit in which both claims were enforced, to save the time, expense, and annoyance of duplicate actions." (Emphasis supplied.)[6]

4. For definitions of "derivative action" and "derivative liability," see 26A C.J.S. Derivative, at notes 47 and 55. Compare Rockwell v. Liston, 71 D. & C. 2d 756, 757 (1975).

5. Pa.R.C.P. 2228(a) now mandates joinder.

6. At common law, the consortium claim was available only to the husband for injury to the wife, not vice versa. See

But here again, the independence of the causes of action of the spouses is announced only in a procedural, not a substantive, context. And pre-no-fault law in Pennsylvania rather clearly treats the consortium claim as substantively derivative from tort liability for the other spouse's injury as defendants contend. As stated in Sum. Pa. Jur., Torts II, §604:

"While the husband's cause of action for loss of consortium and expenses is separate and distinct from that of the wife for her injury, *liability of a third person to the wife is a condition precedent to the husband's right of recovery.* Schmidt v. Pittsburgh R. Co. (1937) 127 Super Ct 161, 193 A. 67. Thus, if the wife's contributory negligence bars her recovery, the husband cannot recover. See §606, infra. However, no settlement or disposition by the wife of her claim can affect the husband's claim without his consent. Walker v. Philadelphia (1900) 195 Pa 168, 45 A 657, 78 Am St Rep 801." (Emphasis supplied.)[7]

We think the defense contention is correct that under Pennsylvania pre-no-fault law, the tortfeasor's liability for loss of consortium is derivative from and dependent upon the existence of his liability for the injury to the other spouse. The no-fault

---

Neuberg v. Bobowicz, supra; the Equal Rights Amendment to the Pennsylvania Constitution has made the claim available to either spouse: Hopkins v. Blanco, supra.

7. Compare Sum. Pa. Jur., Torts I, §§127 and 128, dealing with the effect of contributory negligence of spouse or child upon the spouse's or parent's claim for expenses incurred for injury to spouse or child, and id., Torts II, §606, dealing with the effect of contributory negligence of the claimant for such expenses and loss of consortium. And see Gould v. Nickel, _____ Pa. Superior Ct. _____, 407 A. 2d 891 (1979).

statute does nothing to alter that concept; in fact, the definitions of "injury," "victim," and "noneconomic detriment" in section 103 of the act, together with the provisions of section 301(a)(5) dealing with tort liability for noneconomic detriment, rather clearly imply that a spouse may not recover for loss of consortium unless it is first established that the tortfeasor is liable for the other spouse's injury under section 301(a)(5). As stated in Shrager, Pennsylvania No-Fault Motor Vehicle Insurance Act §2:8, entitled Derivative Actions:

"Loss of consortium is recoverable under the No-fault Act as 'other non-pecuniary damage' wherever the primary claim of the injured person meets one of the tort recovery exceptions to section 301(a). In Zagari v. Gralka, [supra], the Superior Court citing Tehimayan v. Toscano [4 D. & C. 3d 534 (1977)], stated that statutes are not presumed to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions." See also Cannon v. Hohmann, 10 D. & C. 3d 765 (1979).

Accordingly, plaintiff wife's consortium claim pleaded in paragraph 25 of the complaint, derived from the husband's litigable claim for his own injury, will stand (and has not been objected to), but plaintiff husband's consortium claim pleaded in paragraph 21 of the complaint must be stricken because plaintiff wife's claim for her own injury is not litigable under section 301(a)(5).

• • •

## ORDER

Now, December 26, 1979, the preliminary objections to paragraphs 14, 21, 23 and 24 of the com-

plaint are sustained and said paragraphs are stricken, but plaintiffs are allowed 30 days to amend consistent with the foregoing opinion. The objections to paragraphs 16 and 19 of the complaint are dismissed.