## Plummer v. Dansky

*Charles F. Gilchrest,* for plaintiffs.
*James M. Burton,* for defendant.

STRANAHAN, *P.J.,* October 27, 1980—The above captioned case is an action in trespass brought by Mr. and Mrs. Samuel J. Plummer, Jr., against Myron Dansky for damages they sustained as a result of a motor vehicle accident involving Mr. Plummer and Mr. Dansky.

The accident occurred on the morning of May 5, 1978. At approximately 6:40 that morning Mr. Plummer parked his marked state police car on the north berm of Interstate 80 West, behind a tractor-trailer. While Mr. Plummer was still seated in the driver's seat of his car, a car driven by Mr. Dansky, for some undetermined reason, veered off the roadway and struck the rear of his car. The force of the impact pushed Plummer's car under the tractor-trailer. Mr. Plummer was injured in the accident.

When the accident occurred, Mr. Plummer was on duty as a Pennsylvania State Policeman.

On April 17, 1980 the Plummers filed a complaint against Mr. Dansky for the damages they sustained as a result of this accident. Their complaint contained two counts. Count I is a request by Mr. Plummer that he be compensated for his past and future medical expenses and his pain and suffering. In addition, Mr. Plummer seeks an award of punitive damages. Count II of the complaint is a request by Mrs. Plummer that she be compensated for her loss of consortium, companionship and services.

Defendant has filed a variety of preliminary objections to the complaint.

Initially, defendant demurs to each count by alleging that neither states a cause of action under the common law or the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, sec. 101 et seq., 40 P.S. § 1009.101 et seq. (hereinafter called No-fault)

In the alternative, defendant asks the court to strike various sections of the complaint. Defendant asks the court to strike paragraph (10) on the basis that plaintiff is not permitted to specifically plead his medical expenses to prove they exceed the threshold limitation for suing for noneconomic detriment under 40 P.S. § 1009.301(a)(5)(B); paragraph (11) on the basis that plaintiff must plead that his medical expenses "have" exceeded the threshold limitation, not "will" exceed it, to sue for noneconomic detriment under 40 P.S. § 1009.301(a)(5)(B); paragraph (13) on the basis that this lawsuit is governed by the No-fault Act; and paragraphs (14) and (15) and the allegation of "reckless and/or willful and wanton misconduct" contained in paragraphs (7) and (8) on the basis

that plaintiff must plead intentional conduct on the part of defendant to recover punitive damages under No-fault.

In the alternative, he asks the court to order plaintiff to plead paragraphs (4), (6), and (13) more specifically.

Finally, in the alternative, he asks the court to order plaintiff to plead his claim for punitive damages in a separate count.

While a number of issues are raised by these preliminary objections, the overriding issue presented to this court is whether or not the provisions of the No-fault Act are applicable to this suit. That determination will provide the court with the necessary framework to properly evaluate defendant's preliminary objections.

Plaintiff pleads and argues that the No-fault Act is not applicable to this suit. The essence of his argument is as follows. The no-fault statute was enacted to provide an exclusive system of compensation for injuries sustained as a result of motor vehicle accidents in the Commonwealth of Pennsylvania. Under section 204(a)(1) of the No-fault Act, 40 P.S. § 1009.204(a)(1), an employe is entitled to no-fault benefits from his employer when he is injured while riding in a car owned by his employer. However, the Superior Court in Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), and Wagner v. National Indemnity Co., 266 Pa. Superior Ct. 110, 403 A. 2d 118 (1979), held that the exclusive remedy of an employe, as against his employer, for injuries sustained in a motor vehicle accident while on the job is provided by The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1, not no-fault. Mr. Plummer, therefore, is not entitled to receive no-fault benefits from his employer, the Common-

wealth of Pennsylvania, for his injuries. Since Mr. Plummer is not entitled to receive no-fault benefits from his employer, plaintiff argues that the accident did not occur in accordance with the provisions of the no-fault statute. Hence, the provisions of that statute are not applicable to this suit.

The error in plaintiff's argument is the importance he gives the decisions in Turner and Wagner. Those two cases dealt with a situation where there existed a statutory mechanism for providing compensation to injured parties prior to the enactment of the no-fault statute. In each instance, the court was faced with the question of whether the partial abolition of the tort liability contained in section 301(a) of the No-fault Act applied to a preexisting, exclusive statutory remedy. In each case, the court concluded that the partial abolition of tort liability did not apply to an employe's remedy under the Workmen's Compensation Act.

In neither case did the court deal with the question of whether or not the provisions of the No-fault Act apply to a suit between an employe and a third party tortfeasor.

Only one appellate court case even touches on that queston: Brunelli v. Farelly Brothers, 266 Pa. Superior Ct. 23, 402 A. 2d 1058 (1979). In dicta contained in footnote 6 of that case, the court stated: "The Workmen's Compensation Act does not affect an employee's cause of action against a third party tortfeasor. . . . No-fault applies to an action between the employee and the third party."

While only dicta, we find that comment persuasive. Unlike the situation between an employe and employer, there was no preexisting statutory mechanism for providing compensation for injured employes from third party tortfeasors. As against

the third party tortfeasor, the only remedy available to the injured employe was to sue in tort. That is the exact situation which the No-fault Act was designed to cover: 40 P.S. § 1009.102. Hence, we hold that this suit by the Plummers against Mr. Dansky is governed by the various provisions of the No-fault Act.

To state a cause of action under the provisions of the No-fault Act, a plaintiff must plead facts sufficient to show that his case fits into one of the six exceptions to No-fault's partial abolition of tort liability for motor vehicle accidents contained in 40 P.S. § 1009.301(a).

Paragraph (11) in count I of plaintiff's complaint contains the following allegation:

". . . it is reasonably certain that in the future the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital, and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of $100.00, will exceed $750.00."

The court finds that that is a sufficient allegation of fact by plaintiff to make out a cause of action for noneconomic detriment under 40 P.S. § 1009.301(a)(5)(B).

The court does not accept defendant's argument that a plaintiff must plead that his medical expenses "have exceeded," not "will exceed," the threshold limitations of 40 P.S. § 1009.301(a)(5)(B). What defendant overlooks in his argument is that treatment of certain injuries may have to be delayed in some situations. If a plaintiff is required to plead that his damages have exceeded the thresh-

old limitation at the time his complaint is filed, plaintiffs whose injuries required delayed treatment may be barred from recovering for their noneconomic detriment, even though their medical expenses exceed the threshold limitations for suing, because the statute of limitations for bringing such a suit would have expired prior to the time the threshold limitations were exceeded. The court does not believe that the No-fault Act was set up to permit such a situation to occur.[1]

Paragraph (11) is made part of count II of the Plummers' complaint by incorporation. As a result of this incorporation, the court finds that count II states a cause of action under 40 P.S. § 1009.301(a)(5)(B).

That provision permits a plaintiff to recover for noneconomic detriment. The loss of consortium for the spouse of an accident victim is included under the definition of noneconomic detriment: Zagari v. Gralka, 264 Pa. Superior Ct. 239, 399 A. 2d 755 (1979). As indicated in an earlier portion of this opinion, paragraph (11) contains a sufficient allegation to permit the Plummers to maintain an action for noneconomic detriment under 40 P.S. § 1009.301(a)(5)(B). Hence, Mrs. Plummer's claim for loss of consortium in Count II of the complaint does state a cause of action upon which relief may be granted under the No-fault Act.

In an attempt to either supplement paragraph (11) or to recover Mr. Plummers' actual medical expenses to date, plaintiff in paragraph (10) specif-

---

1. In accord: Mabey v. Michkens, 7 D. & C. 3d 792 (1978); O'Sullivan v. Ruszecki, 2 D. & C. 3d 276 (1977); and Bromiley v. Collins, 1 D. & C. 3d 94 (1977).

ically pleads Mr. Plummer's medical expenses. The court finds that plaintiff is not permitted to specifically plead Mr. Plummer's medical expenses for either purpose.

The court realizes that in Minchoff v. Lawrence and Rodewalt, No. 366 C.D. 1977, Mercer County Court of Common Pleas, we held that it was necessary to specifically plead one's medical expenses to establish a cause of action for noneconomic detriment under 40 P.S. § 1009.301(a)(5)(B). However, we find that that decision has been overruled by the Superior Court in Zagari v. Gralka, supra. Hence the court now holds that a plaintiff cannot specifically plead his medical expenses to show that they exceed the threshold limitations contained in 40 P.S. § 1009.301(a)(5)(B).

Medical expenses are not included in the definition of noneconomic detriment: 40 P.S. § 1009.103. They are included in the definition of "allowable expenses." 40 P.S. § 1009.103. The exception for suing for "allowable expenses" is contained in 40 P.S. § 1009.301(a)(4). Plaintiff has pled no facts to indicate that his cause of action comes under that exception. Plaintiff, therefore, cannot maintain an action to recover his medical expenses.[2]

Punitive damages are part of the claim wherein they arise: Baker v. Rangos, 121 Pitts. L.J. 194 (1974). Hence, for a plaintiff to recover punitive damages in a suit governed by the No-fault Act, the cause of action on which they are based must fit into one of the six exceptions to the partial abolition of tort liability for motor vehicle accidents contained in 40 P.S. § 1009.301(a).

---

2. In accord: Zagari v. Gralka, supra.

Plaintiff cannot attach his claim for punitive damages to his cause of action for noneconomic detriment under the exception in the Act, 40 P.S. § 1009.301(a)(5)(B). Punitive damages are specifically excluded from the definition of noneconomic detriment: 40 P.S. § 1009.103.

In paragraph (14) and (15) of the complaint, plaintiff attempts to attach his claim for punitive damages to a cause of action based on the "intentional injury" exception: 40 P.S. § 1009.301(a)(3).

It is provided as follows in 40 P.S. § 1009.301(a)(3): "An individual remains liable for intentionally injuring himself or another individual."

Plaintiff alleges the accident was caused by Mr. Dansky falling asleep at the wheel of his car. It is plaintiff's contention that Mr. Dansky intentionally injured Mr. Plummer by continuing to drive while he was unduly tired.

In essence, plaintiff argues that the meaning of "intentionally injuring" includes the doing of a reckless and/or wanton and willful act intentionally.

Defendant argues that the meaning of "intentionally injuring" is limited to situations where the actor either desired to cause the consequences of his act or that he believed the consequences were substantially certain to result from the act.

"Intentionally injuring" is not defined by the No-fault Act. The court has found no appellate court cases on point.[3]

The Uniform Motor Vehicle Accident Reparations Act was used as a model by the drafters of the Pennsylvania No-fault Act.[4] Section 5(b) of that act

---

3. A case on point, Teagle v. Hart, 1 Phila. 310 (1978), is now before the Superior Court on appeal.

4. Shrager, Pa. No-fault Motor Vehicle Ins. Act §2:5.4.

excludes from the definition of intentional injuries situations where "a person does not intentionally cause harm merely because his act or failure to act is intentional or done with realizations that it created a grave risk of harm."

The proposed Federal No-fault Act contains a provision identical to the one in 40 P.S. § 1009.301(a)(3).[5]

"Intentionally injuring" is defined by section 210(b) of the proposed Federal act as:

"(1) An individual intentionally injures himself or another individual if he acts or fails to act for the purpose of causing such injury or with knowledge that such injury is substantially certain to follow. An individual does not intentionally injure himself or another individual—(A) merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury. . . ."

Without a statutory definition or appellate case law on point, the descriptions of what "intentionally injuring" means contained in those two acts are the best indicators of what the drafters of 40 P.S. § 1009.301(a)(3) meant when they used that term.

The court finds that "intentionally injuring" as it is used in 40 P.S. § 1009.301(a)(3) is limited to situations where the actor either desired to cause the consequences of his act or believed that the consequences were substantially certain to result from the act.

Plaintiff's complaint contains no allegations that would tend to show Mr. Dansky "intentionally injured" Mr. Plummer as we have just defined that term. At best, plaintiff only alleges that Mr. Dansky

---

5. Ibid.

intentionally continued driving, even though he was unduly tired. That allegation contains no indication that Mr. Dansky desired to injure Mr. Plummer. Nor does it contain any indication that Mr. Dansky believed or even had reason to believe that he would have an accident by continuing to drive while unduly tired. Many people drive when they are unduly tired. It's an everyday occurrence.

Plaintiffs' complaint, therefore, does not state a cause of action under the "intentional injury" exception contained in 40 P.S. § 1009.301(a)(3). As a result, there is no cause of action upon which plaintiff could attach his claim for punitive damages.

Finally, defendant has asked the court to order plaintiff to plead paragraphs (4) and (6) of his complaint more specifically. He argues that they do not comply with the requirements of Pa.R.C.P. 1022, which requires: "Each paragraph shall contain as far as possible only one material allegation of fact."

"Generally, it may be said that the test of compliance (with Rule 1022) is the difficulty or impossibility one has in answering the complaint." General State Authority v. The Sutter Corporation and Certain-Teed Products Corporation, 24 Pa. Commonwealth Ct. 391, 394, 356 A. 2d 377, 380 (1976).

Paragraph (4) sets forth the location of Mr. Plummer's car just prior to the accident, a description of his car and the approximate time of the accident. The court finds nothing in this paragraph that would present defendant with any real difficulty in drafting an answer to it.

Paragraph (6) describes the accident in detail and alleges that Mr. Plummer suffered serious and severe injuries as a result of the accident. Defendant may have trouble framing a coherent answer to paragraph (6). Defendant may wish to admit the

description of the accident and deny the severity of the injuries. Hence, we find that plaintiff should be required to plead paragraph (6) more specifically.

On the basis of the findings contained in this opinion, the court issues the following

## ORDER

And now, October 27, 1980, defendant's demurrers to counts I and II of plaintiffs' complaint are denied.

Defendant's motion to strike paragraphs (10), (13), (14) and (15) and the phrase "reckless and/or willful and wanton misconduct" in paragraphs (7) and (8) from plaintiffs' complaint is granted.

Defendant's motion to strike paragraph (11) from plaintiffs' complaint is denied.

Defendant's motion for a more specific pleading of paragraphs (4) and (6) of plaintiffs' complaint is denied for paragraph (4) but granted for paragraph (6).

Plaintiff is given 20 days leave to amend his complaint.