William C. SWEENEY, Jr. and Nina Sweeney

v.

DEL-VAL TIRE COMPANY et al.

Civ. A. No. 80-475.

United States District Court, E. D. Pennsylvania.

Feb. 13, 1981.

Bernard M. Gross, Gross & Sklar, Philadelphia, Pa., for plaintiff.

Joseph M. Hankins, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

DAVIS, Senior District Judge.

On January 17, 1979, an automobile accident occurred in Radnor Township, Penn-

sylvania, involving a car driven by the plaintiff, William C. Sweeney, Jr., and a truck owned and operated by the defendant Del-Val Tire Company. Jurisdiction of the Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

Plaintiff brought this motion seeking to introduce evidence during the course of trial relating to the amount of wage loss sustained by him as a result of the accident. It is the defendant's contention that in light of the Pennsylvania No-Fault Motor Vehicle Insurance Act (No-Fault Act), 40 Pa. Stat.Ann. §§ 1009.101–701 (Purdon Supp. 1980–81), that such wage loss is not recoverable in this lawsuit, and would therefore be inadmissible at the time of trial.

The specific question confronting the court is whether the plaintiff may introduce evidence at trial to recover that portion of lost wages which he has been precluded from recovering, either from his own insurer or under Workmen's Compensation, due to the limitations set forth in Section 202 of the Pennsylvania No-Fault Motor Vehicle Insurance Act.

Plaintiff asserts that as a result of injuries sustained in the accident, he was unable to work for approximately nine months. During that time, plaintiff claims he would have earned wages totalling $12,546.00. Under the limitation of Section 202 of the No-Fault Act, plaintiff maintains that he was entitled to collect up to $1,000.00 per month maximum benefit during his disability period. Accordingly, plaintiff claims that the $3,546.00 not recoverable over the course of the nine month disability period due to Section 202, is recoverable from the defendant in a tort action pursuant to Section 301(a)(4) of the No-Fault Act.

Section 301(a)(4) states in pertinent part, "[a] person remains liable for loss which is not compensated because of any limitation in accordance with § 202 . . . (b)." Section 202(b), however, contains two separate and distinct limitations. The first limitation, stated in subsection (1)(A), provides that work loss shall be recoverable up to a monthly maximum.[1]

The second limitation, found in subsection (2), provides for payment of work loss "up to a total amount of fifteen thousand dollars ($15,000.00)." 40 Pa.Stat.Ann. § 1009.-202(b)(2) (Purdons Supp.1980–81).

Plaintiff reads Section 301(a)(4) of the No-Fault Act as allowing a tort action against a tortfeasor when his damages for work loss exceed either the monthly maximum stated in Section 202(b)(1)(A) or the total maximum stated in Section 202(b)(2). Defendant on the other hand argues that the limitation language of Section 301(a)(4) relates specifically to the $15,000.00 maximum overall limitation of Section 202(b)(2) and not to the monthly maximum limitation of Section 202(b)(1)(A).

My search for authority on the correct interpretation of the No-Fault Act with regards to the limitation of Section 202(b) has yielded little case law dealing with the present situation. That is, where the damages claimed for wage loss are above the monthly maximum of Section 202(b)(1)(A), yet below the yearly maximum of Section 202(b)(2).

The Pennsylvania Superior Court in *Zagari v. Gralka*, 264 Pa.Super. 239, 399 A.2d 755 (1979), expressly indicated that Section 301(a)(4) *does* allow a tort action to recover sums in excess of the monthly maximum recoverable under Section 202(b)(1)(A) of the No-Fault Act.

The *Zagari* Court considered *inter alia* whether an automobile accident victim could, consistent with the Pennsylvania No-Fault Act, plead, prove and recover items of economic detriment compensable under the Act. In denying a request to plead and prove items of economic loss, the Court explained in a footnote:

[1]. The amount of the monthly maximum is to be determined by multiplying $1,000 by a factor whose numerator is the average per capita income in Pennsylvania and whose denominator is the average per capita income in the United States according to the latest available United States Department of Commerce figures. 40 Pa.Stat.Ann. § 1009.202(b)(1)(A). (Purdons Supp.1980–81). Plaintiff has failed to take the multiplier into account in computing his monthly maximum, and therefore the quoted $3,546.00 is an inaccurate statement.

With respect to those damages of appellants' which would come within the scope of § 1009.301(a)(4), i. e. ... work loss, no allegation was made in the complaint that the amount of these damages exceeded the limitations imposed by ... § (b)(1)(A). *Id.* 264 Pa.Super. 239, 399 A.2d at 758 n. 7.

Thus, it would appear that if the complaint in *Zagari* had alleged work loss damages in excess of the monthly limitation of Section 202(b)(1)(A), the Court would have allowed the plaintiff to try to recover those damages. The Court did not state that the complaint would also have to allege work loss damages in excess of the $15,000.00 limitation of Section 202(b)(2).

Further supporting evidence of the court's interpretation has been found in a passage of a handbook written specifically about the Pennsylvania No-Fault Motor Vehicle Insurance Act and its legislative history.[2]

> Under Section 301(a)(4), it makes no difference whether or not a plaintiff meets any of the Section 301(a)(5) thresholds; it makes no difference what injuries a plaintiff sustains, whether or not they are serious or permanent, or whether or not the medical bills total $750.00. It makes no difference what type of defendant is involved: a secured defendant, an uninsured defendant or a manufacturer. If a claimant suffers loss greater than that compensated by basic loss benefits, such an injured individual would be able to sue any negligent third party for the economic loss which was not compensated for because of the limitations on basic loss benefits. For example, if someone ordinarily earns $1,500.00 per month and is only able to recover $1,000.00 per month because of the basic loss benefits limitation of Section 202(b), he would be entitled to sue in tort for the $500.00 of economic loss which was not compensated for under the No-Fault Act. If the injured person's total lost earnings amount

to more than $15,000.00, he can sue for the amount over $15,000.00. R. Angino, W. Archbold, Jr., J. Quinn, Jr., The Pennsylvania No-Fault Motor Vehicle Insurance Act 202 (1979).

This analysis is more in keeping with the purposes for which the Pennsylvania No-Fault Motor Vehicle Insurance Act was promulgated.

Accordingly, I will permit the plaintiff in the instant action to introduce evidence which relates to the recovering of that portion of his lost wages which are not recoverable from his own insurer or through Workmen's compensation benefits due to the limitation of Section 202(b)(1)(A).

**2.** R. Angino, W. Archbold Jr., J. Quinn, Jr., The Pennsylvania No-Fault Motor Vehicle Insurance Act (1979).