## Shaffer v. Olsen

R. *Charles Thomas*, for plaintiffs.
*Gary A. Fabian*, for defendant.

WOLFE, *P. J.*,November 18, 1982—Plaintiffs, husband and wife, were injured in an automobile accident on March 7, 1980 when, allegedly defendant violated a traffic light and crashed his vehicle into plaintiffs' vehicle. Plaintiffs have filed suit and defendant has filed preliminary objections to Counts 16 and 17 of the complaint. Subsequent to the preliminary objections defendant has withdrawn the objections to Paragraph 17 and now argues Paragraph 16 should be stricken from the complaint as the allegation thereof is in violation of the proper practice for pleading and recovery under Pennsylvania's No-fault Insurance Act.*

Paragraph 16 alleges:

"That as a result of said accident and in connection with the foregoing injuries, treatment, pain, suffering and disability, the Husband Plaintiff was obligated to incur various expenses for medical and

---

*Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101.

hospital care for the injured Wife Plaintiff described in 40 PS 1009.301(a)(5)(B), the cost and reasonable value of which is in excess of the limitations set forth therein including the following:

| | |
|---|---|
| Warren General Hospital | $211.50 |
| Warren Radiological Associates | 67.00 |
| Warren Ambulance Service | 40.00 |
| Meadville City Hospital | 25.00 |
| Dr. A. O. Hibbard | 3.00 |
| Orthopedic Associates of Meadville | 65.00 |
| Meadville City Hospital (previously listed above) | |
| Greenville Orthopedic Association | 548.00 |
| Prescriptive medication | 300.00 |

In support of this allegation Plaintiffs rely upon the holding of Martin V. Soblotney, 296 Pa. Superior Ct. 145, 442 A. 2d. 700 (1982) and defendant relies upon Zagari V. Gralak, 264 Pa. Superior Ct. 239, 399 A. 2d 755 (1979).

We have studied these two cases carefully and at best conclude they are in essence and as a practical matter in contradiction except for a strained interpretation of the application of these holdings. In Zagari the issue before the court was if economic losses, as distinguished from non-economic detriment under the No-fault Act may be pleaded and proved. The court unequivocally and very clearly stated:

"The legislature made it abundantly clear that economic losses were not to be recovered via a tort action in the No-fault context. To allow these economic losses to be pleaded and proved, would be contrary to the purpose of the Act, encouraging double recovery, and, at the very least, be a source of confusion for the fact-finder."

The court also observed in its answer to the contention that the economic loss should be permissi-

bly pleaded and proved to show the extent and degree of pain and suffering was absurd stating:

"One cannot discern how much pain and suffering was endured by considering how much money changed hands between the injured party and those who treated him. It is the nature and extent of the treatment required which is more truly an indication of pain and suffering, and evidence of treatment may be introduced in a tort action for pain and suffering."

We note in Zagari preliminary objections were filed to the complaint in the nature of a motion to strike. In Martin no preliminary objections were filed to the pleading of economic losses which were pleaded in the complaint but at trial the husband, in his attempt to offer proof of the medical expenses he had incurred, was denied and on appeal the trial judge was reversed. In Martin the court reviewed the legislative history of the No-fault Act and said this:

"The extensive debate which preceded enactment of the No-fault Act have resulted in an explicit legislative history which makes it abundantly clear that the General Assembly intended to permit proof of medical expenses at trial."

The court acknowledged initially the bill excluded such damages in line with other state statutes but on amendment found:

"Excerpts from the ensuing debate demonstrate beyond pre-adventure that the legislators were fully informed, and clearly understood, that the purpose of the amendment was, inter alia, to allow proof of medical expenses to be offered and admitted into evidence at trial."

In Martin, supra, and what we believe to be in

further contradiction to Zagari, supra, the court stated:

"Consequently, inasmuch as the fact-finder in a tort action brought under Section 301 (a)(5)(B) must evaluate the severity of the Plaintiff's injuries in calculating the amount of damages for non-economic detriment, proof of the value of medical services incurred, bring (sic) probative thereof, is relevant and admissible."

In the court's review of Martin, supra, holding it found in its conclusion that its analysis of Zagari:

"Demonstrates quite clearly that the issue presented therein was limited to, and only to, whether medical expenses may be pleaded and recovered 'within the ambit of Section 301 (a)(5).' No question of the admissibility of such expenses was raised and no such question was before the court. In the case at bar, on the other hand, the issue presented is, precisely and expliciting, whether proof of medical expenses is admissible at trial; we have not been called upon to consider or reconsider the pleading and recovery thereof as damages."

The final observation of the Martin, supra, court was much of the observations of the Zagri, supra, court was but obiter dictum. In so concluding the Martin, supra, court finally held that although the obiter dictum is to be given consideration but not controlling found:

"We believe the better view is and we so hold that proof of the reasonable value of reasonable and necessary medical services is admissible at trial of a tort action under Section 301 (a)(5)(B) of the No-fault Act."

As stated, our review of these two cases leave the threshhold question if these two cases can be logi-

cally distinguished on the grounds that in Zagari preliminary objections were filed to the complaint but in Martin, supra, they were not. We cannot conclude this would be any reason to find a practical distinction. The two holdings appear to us to be in gross contradiction. In the instant case plaintiffs argue since the holding of Martin, supra, would permit the pleading and admissibility of medical expenses as an economic loss there is no harm in pleading these expenses in the complaint. Plaintiffs argue a result of failure to plead the expenses would subject plaintiffs to objection at time of trial in their attempt to prove the extent of the non-economic injury in terms of pain and suffering.

Nor can we find any reasonable distinction between these two cases on the grounds of a matter of procedural pleading as distinguished as a matter of offered proof at the time of trial as an evidentiary matter. One could argue the pleading should be permissible of non-economic losses since Martin holds they are admissible to show the intensity of the non-economic claim notwithstanding no recovery may be had for the economic loss. Zagari said this is absurd.

Finally, in the instant case Paragraph 16 of the complaint is the allegation of plaintiff husband for his economic loss that his plaintiff wife incurred for her non-economic loss, to-wit, pain, suffering and disability. These expenses are not pleaded under plaintiff wife's cause of action. Notwithstanding we are unable to find any reason to permit these expenses under the wife's count and cause of action in light of our final conclusion and in all due respect for the Martin court we believe the holding of Zagari more properly and better addresses the very specific narrow issue before us and for these reasons we enter the following:

## ORDER

And now, November 18, 1982, the preliminary objections are sustained and Paragraph 16 is stricken from the complaint. Defendant is granted 20 days to file answer.