**Brandau v. Basinger**

*Mark A. Givler,* for plaintiffs.
*J. Michael Williamson,* for defendant.

SAXTON, *J.,* January 19, 1993—

## PROCEDURAL BACKGROUND

Plaintiffs initiated this negligence and loss of consortium lawsuit on July 10, 1992. The suit arises out of an automobile accident which occurred on July 12, 1990, near Avis, Pa. As a result of the accident Mrs. Brandau complains of various injuries, the basis of this lawsuit.

In their answer to defendant's new matter, plaintiffs admit that at the time of the accident they were the owners

of a then currently registered private passenger motor vehicle on which they did not have the financial responsibility required by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act. 75 Pa.C.S. §1701 et seq. Defendant filed this motion for summary judgment solely against Mr. Brandau based on the above admission.

## DISCUSSION

Summary judgment shall be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035.

Pursuant to 75 Pa.C.S §1705(a)(5) an owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative set forth in the Act. A person who is bound by the limited tort election is precluded by the Act from maintaining an action for any non-economic loss for an injury sustained in a motor vehicle accident unless the injury sustained is a "serious injury." 75 Pa.C.S. §1705(d). "Serious injury" is defined as "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S §1702.

Defendant contends that Mr. Brandau's loss of consortium claim does not involve a serious injury and there-

fore he is precluded from bringing this action. The court agrees.

The provision in question reads as follows:

"Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as a consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any non-economic loss...."[*] 75 Pa.C.S §1705(d).

One interpretation of this provision might be that whenever a motor vehicle accident results in a "serious injury" to any party, any other party may bring an action for non-economic losses regardless of whether he or she had selected the limited tort alternative. However, such an interpretation would render the provision practically meaningless since the clear purpose of the Act is to reduce auto insurance rates and tort litigation by limiting the types of losses that a person who has selected the limited tort alternative may recover. Thus, the court concludes that before an individual who has selected the limited tort alternative may bring an action to recover non-economic losses, that person must have suffered "serious injury" in accordance with the Act.

In the case at bar Mr. Brandau is alleging injury which supposedly resulted albeit indirectly, from a motor vehicle

---

[*] There are several exceptions to this provision which are not material to the case at bar.

accident. The alleged injury is loss of consortium and it is well established that such a loss is considered to be non-economic. *Zagari v. Gralka,* 264 Pa. Super. 239, 399 A.2d 755 (1979). Loss of consortium also does not fall under the definition for "serious injury" found in the Act.

Mr. Brandau argues that an action for loss of consortium is derivative of the injured spouse's claim and, therefore, his claim is wholly dependent on whether Mrs. Brandau has sustained a "serious injury" as defined in the Act. Recently, however, Pennsylvania courts have held that a loss of consortium claimant has separate and independent status as a plaintiff, in his or her own right. *Manzitti v. Amsler,* 379 Pa. Super. 454, 550 A.2d 537, *affirmed,* 524 Pa. 587, 574 A.2d 601 (1988); see also *Koenig v. Progressive Insurance Co.,* 410 Pa. Super. 232, 599 A.2d 690, n.6 (1991). Furthermore, the derivative nature of the claim is that there must be an injury to a spouse in order for a claim to arise. However, once the claim does arise, it is separate and independent and must stand on its own two feet. Viewing the claim independently, it is apparent the damages sought here are non-economic and flow from a motor vehicle accident. It is also apparent that Mr. Brandau has not suffered "serious injury" in accordance with the Act.

Moreover, the court believes it would be nonsensical to permit Mr. Brandau, who is not physically injured, to bring suit to recover his non-economic losses while another claimant who has received a physical injury not meeting the definition of "serious injury" is precluded from seeking damages for his or her non-economic losses.

Thus, for the above-stated reasons defendant's motion for summary judgment with respect to plaintiff, Edward Brandau, will be granted.

## ORDER

And now, January 19, 1993, it is hereby ordered that in accordance with the foregoing opinion, defendant's motion for summary judgment with respect to plaintiff Edward Brandau is granted and Edward Brandau's loss of consortium claim is dismissed with prejudice.